200 N.J. Super. 646 (1985)
491 A.2d 1350
ANNA LOMBARDI AND CARL LOMBARDI, PLAINTIFFS-APPELLANTS,
v.
FIRST UNITED METHODIST CHURCH, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 22, 1985.
Decided May 3, 1985.
*647 Before Judges KING, DEIGHAN and BILDER.
Cohen & Meshulam, attorneys for appellants (Albert L. Cohen, on the brief).
O'Donnell, McCord, Leslie & O'Toole, attorneys for respondent (Brian R. O'Toole, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
In this case the plaintiffs seek to impose liability for an injury sustained in a fall on a public sidewalk, dilapidated from normal wear-and-tear and unrepaired, on the adjacent corporate owner of a property used exclusively for church purposes. The Law Division judge granted summary judgment for the defendant property owner, the First United Methodist Church. We agree and affirm.
On March 30, 1981 plaintiff Anna Lombardi was injured when she fell on a public sidewalk in Montclair abutting the Methodist Church property on North Fullerton Avenue. For purposes of the dispositional motion in the Law Division and this appeal, all agree that the defect on which plaintiff fell became deteriorated through time, due to neglect and inattention, not because of any affirmative conduct by the church property owner.
We agree with the defendant church that New Jersey has not yet imposed an affirmative duty on charitable and religious institutions to maintain public sidewalks abutting their properties or risk money damages for injuries caused to the public by unrepaired defects. To date, only commercial property owners have been held responsible in this context. See Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 159 (1981), where the Supreme Court said: "The duty to maintain abutting sidewalks that we impose today is confined to owners of commercial property." See also Mirza v. Filmore Corp., 92 *648 N.J. 390 (1983) (extending duty of due care to liability for injuries caused by natural accumulations of ice and snow).
We recently have applied the Stewart principle to extend liability to the owner of a two-family residential apartment building where the owner did not reside in the building, Hambright v. Yglesias, 200 N.J. Super. 392 (App.Div. 1985) (slip op. dated April 17, 1985). But we see no warrant in the Supreme Court's opinion in Stewart to extend the rule of liability imposed on commercial property owners to owners of property used exclusively for religious purposes. See also Yanhko v. Fane, 70 N.J. 528, 534-535 (1976).
Affirmed.