798 A.2d 105 (2002)
351 N.J. Super. 237
Isa DUPREE, Plaintiff Appellant,
v.
The CITY OF CLIFTON, Defendant, and
Netherlands Reformed Church, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 2002.
Decided May 28, 2002.
*106 Mitchell J. Makowicz, Jr., Chatham, argued the cause for appellant (Blume, Goldfaden, Berkowitz, Donnelly, Fried & Forte, attorneys; Mr. Makowicz, Jr., of counsel and on the brief).
Barry A. Knopf, Saddle Brook, argued the cause for respondent (Cohn, Lifland, Pearlman, Herrmann & Knopf, attorneys, Albert L. Cohn, of counsel; Mr. Knopf and Audra DePaolo, on the brief).
Before Judges BAIME, NEWMAN and AXELRAD.
The opinion of the court was delivered by NEWMAN, J.A.D.
In this sidewalk trip and fall case, plaintiff Isa Dupree appeals from the trial court's order granting summary judgment to defendant Netherlands Reformed Church (Church) and dismissing plaintiff's complaint. We affirm.
The facts are straightforward and undisputed. On October 27, 1997, at approximately 6:30 p.m., plaintiff fell while walking south along the uneven public sidewalk bordering the Church's property located at Third Street in Clifton. The uneven condition of the sidewalk resulted from its upheaval caused by the roots of a tree located between the curb and the sidewalk. Plaintiff tripped and tumbled toward that tree when her foot caught the edge of the raised section of the sidewalk. As a result, plaintiff's hand and wrist smashed into the tree trunk, and she sustained injuries.
Through discovery it was disclosed that the Church was a non-profit corporation *107 created solely for religious and charitable purposes, and that the Church did not rent its real property or use that property for any other commercial purpose. The parties also discovered that the Church constructed the sidewalk approximately forty years before plaintiff's fall. The Church had a portion of the sidewalk repaired eight or ten years before plaintiff's fall.
Plaintiff engaged Howard Sarrett, a consulting engineer, to inspect the sidewalk. He did so in the presence of plaintiff on September 29, 1999, and prepared a written report. In his report, Sarrett did not indicate that the sidewalk was negligently constructed or repaired, but concluded that the sidewalk was negligently maintained. He stated that the "movement of pavement slabs" is a common occurrence and, as in this case, can be caused by tree roots growing under the sidewalk. His inspection revealed that the roots of the tree that plaintiff fell toward created a two and one-quarter inch step in the sidewalk abutting the Church's property. Sarrett acknowledged that it took years for the root to elevate the sidewalk to a height "of that magnitude." He was of the opinion that the "persons responsible for the maintenance of [the] sidewalk should have performed regular inspections of the premises to assure that such defects did not remain over long periods of time since their occurrence is so common."
In granting summary judgment on the Church's motion, the trial judge said in pertinent part:
To prevail, the plaintiff must prove that the Church had a duty to maintain the sidewalk upon which she fell. However, the uncontested facts reveal that the Church did not have a duty to maintain the sidewalk abutting its property and therefore is not liable for the plaintiff's injury.
....
A landowner using his property exclusively for charitable or religious purposes is not liable for injuries sustained by a pedestrian on the abutting sidewalk, unless it is used for commercial activities. Lombardi v. First Union [Unitted] Methodist Church, 200 N.J.Super. 646, 647, 491 A.2d 1350 (App. Div.), certif. denied, 101 N.J. 315, 501 A.2d 970 (1985); Brown, supra, 111 N.J. at 334, 544 A.2d 842 (a church operating a parochial school on its property was found to be a commercial landowner because it charged tuition); Restivo v. Church of St. Joseph of the Palisades, 306 N.J.Super. 456, 469, 703 A.2d 997 (App.Div.1997) (a church that rented apartments on its property and leased space to the Head Start program was a commercial landowner), certif. denied, 153 N.J. 402, 709 A.2d 796 (1998).
....
The Church is a non-profit corporation created solely for religious, charitable and educational purposes. It does not engage in any commercial or business-like activity. It does not operate a school on its premises and does not rent any part of its property. As such, the Church does not have a duty to maintain the sidewalk because it is a non-commercial land owner.
....
As a non-commercial landowner the Church is entitled to summary judgment in its favor. It did not have a duty to maintain the sidewalk abutting its property and therefore cannot be held liable for the injuries sustained by plaintiff.
On appeal, plaintiff contends that the Church's property should be classified as commercial because the premises are not used for residential purposes. Thus, plaintiff asserts that the Church, as a commercial landowner, had a duty to maintain the sidewalk. Alternatively, plaintiff maintains *108 that the Church is liable to her because it undertook the construction and repair of the sidewalk. Plaintiff also contends that the Charitable Immunity Act, N.J.S.A. 2A:53A-7 to -10, does not preclude imposition of liability. We address each of plaintiff's arguments in the order just recited.
Plaintiff contends that if the Church did not use its property for residential purposes then, a fortiori, the Church's use of that property must be commercial and asserts that the Church had a duty to maintain the sidewalk.
Generally, absent negligent construction or repair, a landowner does not owe a duty of care to a pedestrian injured as a result of the condition of the sidewalk abutting the landowner's property. Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 153, 432 A.2d 881 (1981) (citing Yanhko v. Fane, 70 N.J. 528, 532, 362 A.2d 1 (1976)). Our Supreme Court carved out an exception to this no-liability rule with respect to sidewalks abutting a commercial landowner's property. Stewart, supra, 87 N.J. at 150, 432 A.2d 881. In Stewart, the Court held that commercial landowners owe a duty to reasonably maintain the sidewalks abutting their property and, if they fail to exercise that duty, they are liable to the injured pedestrians. Id. at 157, 432 A.2d 881.
The objective in creating the commercial property exception to the no-liability rule was to impose liability upon the party in a better position to bear the costs associated with that imposition. Id. at 158, 432 A.2d 881. Commercial landowners have that ability as well as the ability to distribute those costs. Ibid. Thus, when determining abutting sidewalk liability, courts focus on whether a property is commercial or residential.
Ordinarily, to determine whether a property is commercial or residential, our courts address the nature of the ownership of the property. Restivo v. Church of Saint Joseph of the Palisades, 306 N.J.Super. 456, 463-464, 703 A.2d 997, certif. denied, 153 N.J. 402, 709 A.2d 796 (1998). For example, if the property is owned for investment or business purposes the property is classified as commercial. Compare Wilson v. Jacobs, 334 N.J.Super. 640, 645-646, 760 A.2d 818 (App.Div.2000) (one-family residence classified as "commercial" where owners did not occupy that property but, instead, rented it to their adult daughter and did not intend to retain the property at the expiration of the lease), and Hambright v. Yglesias, 200 N.J.Super. 392, 395, 491 A.2d 768 (App.Div.1985) (two-family residence classified as "commercial" where neither apartment was owner-occupied), with Smith v. Young, 300 N.J.Super. 82, 692 A.2d 76 (App.Div.1997) (property classified as "residential" even though co-owner rented an apartment unit to a tenant where the other co-owner occupied another apartment), and Borges v. Hamed, 247 N.J.Super. 295, 589 A.2d 169 (App.Div. 1991) (property classified as "residential" where owners of a three-family residence resided in one apartment and other family members resided in the other apartments where there was no evidence that the rent yielded a profit).
Courts have redirected their attention when property is owned by a religious, charitable or other nonprofit organization. In that instance, courts look to the nature of the use of the property and not the nature of the ownership. Restivo, supra, 306 N.J.Super. at 467, 703 A.2d 997. The status of a nonprofit organization as religious or charitable is not crucial to a determination of whether the property is commercial or residential. Brown v. St. Venantius School, 111 N.J. 325, 333-336, *109 544 A.2d 842 (1988). Instead, it is the use of the property that determines its classification for the purposes of abutting sidewalk liability.
We first considered abutting sidewalk liability of a nonprofit religious organization in Lombardi v. First United Methodist Church, 200 N.J.Super. 646, 491 A.2d 1350 (App.Div.), certif. denied, 101 N.J. 315, 501 A.2d 970 (1985). There, we addressed the precise issue presented here: Whether property used by a church exclusively for religious purposes constituted a "commercial" use.
In Lombardi, an injured pedestrian sought to impose liability on a church for injuries sustained from a dilapidated sidewalk abutting the church's property. Id. at 647, 491 A.2d 1350. The church did not engage in any commercial activities but, instead, used its property only for religious purposes. Id. at 648, 491 A.2d 1350. We acknowledged that the exception to the noliability rule only applied to commercial landowners and held that when a church uses its property solely for religious purposes that use does not constitute a "commercial" use. Ibid.
In Christmas v. City of Newark, 216 N.J.Super. 393, 523 A.2d 1094 (App.Div.), certif. denied, 108 N.J. 193, 528 A.2d 19 (1987), a pedestrian injured on a sidewalk sought to impose liability on the City of Newark for her injuries. Id. at 395, 523 A.2d 1094. The offending sidewalk abutted property owned by trustees of the First Presbyterian Church and were leased to a doughnut shop. Ibid. In overturning the jury verdict rendered against the City, we concluded that the abutting property owners and their tenants were the proper defendants. Id. at 402, 523 A.2d 1094. In so doing, we determined that the church trustees used the property for "commercial" purposes. Thus, we held the church liable for the condition of the abutting sidewalk.
The Supreme Court noted both the Lombardi and Christmas decisions in Brown, supra, 111 N.J. at 332, 544 A.2d 842. Plaintiff argues that the Brown decision overruled Lombardi and asserts that our decision in Restivo, supra, supports that argument. We disagree.
In Brown, the question before the Court was whether a private school operated by a nonprofit religious corporation constituted a "commercial" use. Id. 111 N.J. at 326, 544 A.2d 842. To answer that question, rather than focusing upon the nature of the organization, the Court focused on the organization's use of the property. Id. at 333, 544 A.2d 842. Specifically, the Court determined that the entity's status as a religious organization would not insulate it from liability. Ibid. The Court then held that a church, which operated a private school, was a "commercial" landowner for purposes of determining its duty to remove snow and ice from an abutting sidewalk. Id. at 338, 544 A.2d 842. Like Lombardi and Christmas, imposition of liability in Brown turned on the use of the property.
In Restivo, a pedestrian who slipped and fell on ice on a public sidewalk adjacent to property owned by a church and leased in part to the North Hudson Community Action Corporation (North Hudson), brought a negligence action against the church and North Hudson. Id. 306 N.J.Super. at 459, 703 A.2d 997. The buildings consisted primarily of apartments that the church leased as a form of social charity to needy families and church employees under fair market value or for no rent at all. Ibid. North Hudson, a nonprofit organization, ran a Head Start preschool in a portion of the leased premises. Ibid. The church was also organized as a nonprofit corporation and used the rent it received from North *110 Hudson to defray the cost of utilities and maintenance for the buildings. Id. at 459-460, 703 A.2d 997.
There, this court held the church and North Hudson liable as commercial landowners. We determined that the church's use of its property for rental units constituted a commercial use, regardless of the amount of rent it charged. Id. at 468-469, 703 A.2d 997. We also held that North Hudson's preschool, like the school in Brown, amounted to a commercial use even though North Hudson did not charge tuition. Ibid. While we acknowledged the apparent harshness of the result, we stated that any modifications in the Brown principles had to emanate from the Supreme Court. Id. at 469, 703 A.2d 997.
Plaintiff refers to a footnote in Restivo to buttress her argument that Brown overruled Lombardi. There we stated
... we think it clear that under [the Brown Court's] analysis, Lombardi, if decided today, would be decided differently, unless the church property at issue was used as a parish or rectory.

[Restivo, supra, 306 N.J.Super. at 466 n. 4, 703 A.2d 997 (emphasis added).]
Plaintiff glosses over the emphasized language. Our decision in Lombardi did not specifically describe the use of the church's property but, rather, stated only that it was "used exclusively for religious purposes." Lombardi, supra, 200 N.J.Super. at 648, 491 A.2d 1350. In the footnote, we simply clarified the limitation that Brown placed on Lombardi by providing an illustration of what constitutes a noncommercial use of church property.
The Restivo footnote suggests that if the situation in Lombardi were to arise today, as it has here, the church would be liable unless it confined the use of its property to a parish or rectory. This explanation may account for the Supreme Court's consideration of both Lombardi and Christmas without overruling either decision.
We believe that the Court in Brown impliedly adopted a rule derived from both cases; namely, where property abutting the offending sidewalk is owned by religious or other nonprofit organizations, courts are directed to focus on the use of that property to determine whether to impose liability. If the use is exclusively religious, e.g., if the organization uses the property solely as a parish or rectory, then the organization will not be considered a "commercial" landowner, and, liability will not be imposed. If the organization's use of the property is partially or completely "commercial," e.g., if the property is used as a parish and for commercial purposes or solely used for commercial purposes, liability attaches despite the nonprofit status of the owners. In that event, the organization is under a duty to maintain the entire sidewalk abutting its property and is liable for injuries to the public caused by unrepaired defects.
The latter part of this rule recognizes that the location of a pedestrian's fall, whether in front of the church or its commercial buildings, is a fortuitous circumstance that is irrelevant in determining the abutting sidewalk liability of a commercial landowner. Once a court determines that the organization is to be classified as a "commercial" landowner that classification encompasses the entire sidewalk. This facilitates the objective of the commercial property exception to the no-liability rule; that is, to impose liability upon the party able to bear those costs. Despite the place where the injury occurs, the organization, as a commercial landowner, is in a position to bear the costs of abutting sidewalk liability. Whether the organization chooses to do so is not determinative in deciding whether or not to impose that liability.
*111 Applying that rule here, the trial court properly found that the Church was not a commercial landowner, because the Church did not use its property, in whole or in part, for commercial purposes.
Plaintiff next argues that the Church is liable to her because it undertook the construction and repair of the sidewalk.
Landowners are liable, regardless of the nature of their property ownership or its use, if (1) they or their predecessors negligently constructed or repaired the sidewalk; (2) their use of the property rendered the sidewalk unsafe; (3) they installed a drain, grating or hole in or upon the sidewalk; or (4) they created a dangerous condition in the sidewalk by building upon it. Stewart, supra, 87 N.J. at 152-153, 432 A.2d 881.
Here, the Church's construction and repair of the sidewalk did not result in its uneven condition. Rather, that condition resulted from the upheaval caused by the roots of a tree. According to plaintiff's expert, this is a "common occurrence" that may develop over a period of "many years." As found by plaintiff's expert, the condition of the sidewalk did not occur because of any affirmative conduct of the Church or its predecessor.
Moreover, while this court has held commercial landowners liable to pedestrians for injuries sustained on a sidewalk elevated by roots of a tree, Learn v. City of Perth Amboy, 245 N.J.Super. 577, 580-581, 586 A.2d 327 (App.Div.1991), we based imposition of that liability upon the "commercial" use of the property. Id. at 580, 586 A.2d 327. Since the church did not use its property for commercial purposes, it is not liable for the injuries sustained by plaintiff.
Lastly, plaintiff argues that the Charitable Immunity Act (Act), N.J.S.A. 2A:53A-7 to -10, does not preclude imposition of abutting sidewalk liability, because the plaintiff was not a beneficiary of the Church. Plaintiff may be correct. See Brown, supra, 111 N.J. at 337, 544 A.2d 842 ("a charitable organization may be liable in tort to a non-beneficiary for its failure to maintain an abutting sidewalk"); Thomas v. Second Baptist Church of Long Branch, 337 N.J.Super. 173, 176-177, 766 A.2d 816 (App.Div.2001) (church would not be immunized under the Act where a non-beneficiary pedestrian tripped on a raised metal grate located on abutting sidewalk). However, the absence of that immunity does not affect the trial court's grant of summary judgment.
A crucial element of plaintiff's prima facie case is that defendant owed a duty to plaintiff. Conklin v. Hannoch Weisman, 145 N.J. 395, 417, 678 A.2d 1060 (1996). Here, as a noncommercial landowner, the Church did not owe plaintiff a duty to maintain the sidewalk and is not liable for plaintiff's injuries. That insulation from liability does not derive from the Act but, instead, results from the disinclination to extend liability to maintain an abutting sidewalk to noncommercial landowners.
Affirmed.