30 A.3d 376 (2011)
423 N.J. Super. 96
Fatma MOHAMED, Plaintiff,
v.
IGLESIA EVANGELICA OASIS DE SALVACION, Defendant.
Docket No. L-5871-10
Superior Court of New Jersey, Law Division, Hudson County.
Decided June 10, 2011.
Joseph Boccia, Jersey City, for plaintiff, Zavodnick, Boccia & Perlmutter, attorneys.
Gerald Kaplan, Edison, for defendant, Methfessel & Werbel, attorneys.
VELAZQUEZ, HECTOR R. J.S.C.
Plaintiff in this case seeks damages from defendant, Iglesia Evangelica Oasis de Salvacion, for injuries she suffered when she tripped on a defect in the sidewalk in front of the defendant church. The church made a motion for summary judgment. This motion presents the court with the question of whether certain uses of the church's basement and parking lot by some parishioners and their friends made the church property "partially commercial," thereby subjecting the church to the duty of commercial landlords to maintain the abutting sidewalk. The court finds that the uses described below do not render the church property "partially commercial." The complaint is therefore dismissed.
The primary use of the property where the accident occurred is as a house of worship. The church building has a basement, and several times a year the church allows parish members to use the basement to celebrate birthdays and other events. The church takes donations of about $300 to $350 from the families who use the basement. The church also has a parking lot and gives parish members, and some of their friends and family, permission to park in the lot while they use public *377 transportation or go shopping in the area. Some of the people who use the parking lot give donations in exchange for the use; others do not.
Whether a defendant owes a legal duty is generally a question of law for the court to decide. Clohesy v. Food Circus Supermarkets, 149 N.J. 496, 502, 694 A.2d 1017 (1997). Since the facts relevant to the church's duty to maintain the sidewalk are not in dispute, and plaintiff cannot prevail if the church has no duty, this case is ripe for summary judgment, even though discovery has not yet been concluded.
New Jersey has imposed a duty upon commercial landlords to maintain sidewalks abutting their buildings. Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 150, 432 A.2d 881 (1981). This duty does not extend to residential property owners. Ibid.
In Lombardi v. First United Methodist Church, 200 N.J.Super. 646, 648, 491 A.2d 1350 (App.Div.1985), the Appellate Division held that the Stewart duty to maintain sidewalks did not extend to "owners of property used exclusively for religious purposes." See also Restivo v. Church of St. Joseph of the Palisades, 306 N.J.Super. 456, 703 A.2d 997 (App.Div.1997) (reaffirming the same exception for owners of property used exclusively for religious purposes). However, in Brown v. St. Venantius School, 111 N.J. 325, 337, 544 A.2d 842 (1988), the Supreme Court held that religious, charitable, and not-for-profit organizations may be liable for failure to maintain an abutting sidewalk. These institutions do not have immunity from lawsuit. Ibid. In Dupree v. City of Clifton, 351 N.J.Super. 237, 245, 798 A.2d 105 (2002), the court explained the analysis courts should use when determining whether a religious organization owes a duty to a plaintiff who suffers an injury on a negligently maintained abutting sidewalk. Dupree directs courts to focus on the "use of the property."
If the use is exclusively religious, e.g., if the organization uses the property solely as a parish or rectory, then the organization will not be considered a "commercial" landowner, and liability will not be imposed. If the organization's use of the property is partially or completely "commercial," e.g. if the property [is] used as a parish and for commercial purposes or solely used for commercial purposes, liability attaches despite the non-profit status of the owner.
[Id. at 245-46, 798 A.2d 105.]
In Restivo v. Church of St. Joseph of the Palisades, supra, 306 N.J.Super. at 468-69, 703 A.2d 997, the plaintiff sued two defendants, a church and a not-for-profit organization, for a slip-and-fall that occurred outside a building owned by the church and partially leased to the not-for-profit. The church operated apartments in this building, and the not-for-profit ran a Head Start pre-school there. The court held that the church did have a duty to maintain the sidewalk where the church leased apartments on the subject property as a form of "social charity" to needy families and employees for extremely low rent or even no rent in some cases. Dupree, supra, 351 N.J.Super. at 244, 798 A.2d 105 (discussing the holding of Restivo). "We are convinced the use of its property for rental purposes plainly is commercial, regardless of whether it obtains fair market rental value." Restivo, supra, 306 N.J.Super. at 468, 703 A.2d 997. The Restivo court also held that the not-for-profit organization's operation of a preschool on the premises amounted to a commercial use, even though the preschool did not charge tuition. Id. at 468-69, 703 A.2d 997. In Brown v. St. Venantius School, supra, 111 N.J. at 338, 544 A.2d 842, the *378 Court similarly held that using a church-owned property as a religious school made the property a "commercial property."
At oral argument, defendant argued that summary judgment should be granted because the rental of the church basement and the parking spaces did not amount to a "commercial" use as there were no set fees, and the property was not open to the public. Defendant distinguished this property, which is used as a church, from the church-owned properties in Brown and Restivo, which were schools and apartments.
In assessing the validity of this argument, the court must look at the uses of the church and determine whether these fall into the "commonly accepted" meaning of "commercial." The Stewart Court had explicitly "confined [the duty to maintain the sidewalk] to commercial property," Lombardi, supra, 200 N.J.Super. at 647, 491 A.2d 1350 (citing Stewart, supra, 87 N.J. at 159, 432 A.2d 881), but it also intentionally gave little guidance as to what should constitute a "commercial" property. Stewart, supra, 87 N.J. at 160, 432 A.2d 881 ("As for the determination of which properties will be covered by the rule we adopt today, commonly accepted definitions of `commercial' and `residential' property should apply to difficult cases to be decided as they arise.").
In Restivo, supra, 306 N.J.Super. at 468, 703 A.2d 997, the court found that rental apartments were "commercial property" because apartments are generally considered "commercial property," regardless of the economics involved. In Brown, supra, 111 N.J. at 334, 544 A.2d 842, the Court decided that a not-for-profit school was "commercial" property by looking at the policy underlying the rule that a commercial landlord is responsible for maintaining the sidewalk. In Brown, the key factor that the Court used to reach its conclusion was that it was more fair to impose a duty upon the school than to make the plaintiff suffer the burden of the entire loss because (a) the duty to maintain the sidewalk did not interfere with the religious function of the school and (b) the maintenance of the sidewalk was the type of duty that the school had to perform for its students anyway. Id. at 333-34, 544 A.2d 842.
Interpreting Brown, the Restivo court stated that Brown determined that the school was commercial based on the commercial aspects of running a school. 306 N.J.Super. at 465, 703 A.2d 997 ("[T]he operation of the school . . . had characteristics of a commercial enterprise in that it employed teachers and other personnel, purchased supplies and teaching materials, maintained a physical plant, charged tuition, and was subject to certain governmental regulations.").
Plaintiff argues that the church is not used exclusively for religious purposes, and therefore, the court must impose a duty. Plaintiff claims that the church has admitted "renting" out its basement for parties and its parking lot to commuters. The court is not convinced that these activities establish "commercial" use. The case law indicates that the owners of buildings used as parishes and rectories do not have a duty to maintain the sidewalk. Dupree, supra, 351 N.J.Super. at 245, 798 A.2d 105 ("If the use is exclusively religious, e.g., if the organization uses the property solely as a parish or rectory, then the organization will not be considered a `commercial' landowner, and liability will not be imposed."). In this case, the property is a parish. More importantly, running this property does not involve "characteristics of a commercial enterprise" such as those involved in running a school. See Restivo, supra, 306 N.J.Super. at 465, 703 A.2d 997. The church lets parishioners use its basement for parties a few times a year and in *379 return takes donations. It also gives some parishioners and their friends and family permission to park in the lot for the purposes of commuting or shopping. These parishioners often give donations to the church for that use, but not everyone who uses the parking lot pays. These services are not advertised and are not open to the public. There are no fees and no leases or terms of use. Although some money might exchange hands to acknowledge the use of the space, the lack of formality and regulation indicates something less than commercial enterprise. The court agrees with defendant that the money exchanged for the use of these spaces is more like "money in the donation basket" than a commercial exchange.
Finally, the fact that only parishioners and their friends and family use the basement and parking spaces is relevant. In Brown, one of the reasons a duty was imposed was that the school already owed a duty to the students to maintain the sidewalk. In this case, however, the church does not owe a duty to maintain the sidewalk to the people who use the basement and parking lot. Under the New Jersey Charitable Immunity Act, N.J.S.A. 2A:53A-7, a person cannot sue a church for negligence if the person is a beneficiary, to whatever degree, of the works of the church. See Brown, supra, 111 N.J. at 336, 544 A.2d 842. In this case, the church only lent its basement and parking spaces to parishioners and their friends and family. Thus it did not already have notice of a duty to maintain the sidewalk as the defendant in Brown did.
Having examined the use of the subject property, the court concludes that the property is not "commercial" within the commonly accepted use of the word, and thus the owner has no duty to maintain the sidewalk. For this reason, summary judgment is hereby granted.