**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1950-16T3

IMMACOLATA COLOMBO
and TOM O'BRIEN,[1]

    Plaintiffs-Appellants,

v.

ESTATE OF JOSEPHINE
SERRIANO and MICHAEL C.
SERRIANO, a/k/a SERRANO,

    Defendants,

and

KATHERINE VINCI, Executor
of the ESTATE OF MICHAEL C.
SERRIANO, a/k/a SERRANO,

    Defendant-Respondent.

_____

    Argued May 2, 2018 – Decided May 17, 2019

    Before Judges Fuentes, Koblitz and Suter.

_____

[1] Although Tom O'Brien, a/k/a Tim O'Brien is also a plaintiff in this case, we will refer to "plaintiff" in the singular because his per quod claims are derived from his status as Immacolata Colombo's spouse.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-19217-14.

Leonard S. Miller argued the cause for appellants.

Michael Della Rovere argued the cause for respondent (O'Toole, Couch & Della Rovere, LLC, attorneys; Michael Della Rovere, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

As she walked her daughter to school, plaintiff Immacolata Colombo slipped and fell on a public sidewalk adjacent to a one-family house owned by the late Michael Serriano. Decedent was in a nursing home at the time plaintiff fell, and died shortly thereafter. According to plaintiff, there were approximately three inches of snow on the sidewalk at the time she fell and it appeared that a path had been shoveled in front of several houses, including the Serriano property. An architect plaintiff retained submitted a written report in which he conceded the property had a slight slope deviation in the area plaintiff fell that was within normal design and construction standards. However, he also opined that when combined with the failure to properly clear the snow and ice, the slight slope deviation created a dangerous situation.

After joinder of issue, the estate of Michael Serriano moved for summary judgment arguing that as the owner of a single family dwelling, Serriano did not

have a common law duty to keep the sidewalk adjacent to his property clear of snow and ice. The motion judge agreed with defendant's argument and dismissed plaintiff's complaint with prejudice. In this appeal, plaintiff argues the judge failed to consider the evidence in the light most favorable to her, including all rational inferences that may be drawn from such evidence. Plaintiff also claims the judge did not properly consider the architect's report.

Defendant argues there are no material issues of fact in dispute and the motion judge properly applied settled principles of New Jersey common law to conclude that, as the owner of a single family property, Serriano did not have a legal duty to maintain the sidewalk adjacent to his property clear of snow and ice. We agree and affirm. We recite the following facts in the light most favorable to plaintiff.

It began to snow at around 6:30 a.m. on Thursday, November 8, 2012. The Superintendent of the Borough of Lodi public schools decided to have a delayed opening. By around 9:30 a.m., approximately three inches of snow had fallen. Plaintiff drove her daughter to the local elementary school. She parked the car nearby, and began to walk towards the school. When she reached a certain point on Kipp Avenue, plaintiff slipped on the snow and ice and fell on

3

the part of the sidewalk that joins the slope of the driveway apron.  Plaintiff described why she fell in her deposition:

> Q. Why did you fall?
>
> A. I slipped on the ice and snow and the depression, I guess, in the sidewalk.
>
> Q. And you say you guess.  What do you mean by that?
>
> A. Well, there was ice and snow on the ground and once I hit the depression in the sidewalk is when I fell.

Plaintiff testified that the sidewalk had a white path that "looked like it was shoveled," but she could not be completely certain.  She was certain, however, that she fell in the apron part of the driveway "that hits the street."[2]

Plaintiff retained architect Stan Lacz as an expert witness.  Lacz reviewed plaintiff's deposition testimony, weather reports from November 7 and 8, 2012, visited the site of the accident, and measured the driveway slope at 1:12.125.  In a report dated September 15, 2016, Lacz found "the code allowable slope for the side flare in this condition is 1:12 and as such the slope is very slightly greater than the standard."  He opined that "[t]he deviation is considered within usual and normal design and construction standards.  However, combined with the

_____

[2]  Although the nature and extent of her injuries are not at issue, the record reflects that plaintiff fractured her right ankle.

impact of the snowfall and the failure to properly clear the snow and ice, a dangerous situation was created."

Lacz ultimately reached the following conclusion:

> [I]t is my opinion within a degree of architectural and engineering certainty, a dangerous condition was created in the area of Ms. Colombo's fall. It is known that once a [homeowner] or someone having control of a premise[s] takes action to clear away snow and ice, they must perform that work with great care so as not to create a hazardous condition as was the condition of the area where she fell. The fact that the path in the snow [led] a pedestrian to an area where the sidewalk and the [driveway] joined was a significant fact[,] together with the failure to properly clear the area of snow and ice[,] are significant factors that made a discrepancy in the slope more significant than under normal clear sidewalk circumstances. It should be foreseeable that if the snow and ice was not properly cleared, it would likely cause someone traversing the sidewalk area to fall.

After reviewing this record and considering the arguments of counsel, the trial judge granted defendant's summary judgment motion and dismissed plaintiff's complaint as a matter of law. With respect to the architect's ultimate conclusion, the judge found there was "absolutely no evidence in this case that the defendant, now deceased, made any improper or negligent repairs to the sidewalk which might impose liability." The judge characterized plaintiff's

5

deposition testimony concerning whether the sidewalk had been shoveled prior to the accident as "speculation."

We review de novo the trial court's decision to grant defendant's motion for summary judgment, applying the standards codified in Rule 4:46-2(c). "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)). Plaintiff has the burden to establish these elements by competent proof. Ibid.

A residential property owner has no duty to maintain public sidewalks adjacent to their property. Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 159 (1981). Such an owner is generally immune from liability for accidents occurring on public sidewalks adjacent to their property unless "they create or exacerbate a dangerous sidewalk condition." Luchejko v. City of Hoboken, 207 N.J. 191, 210 (2011); see also Wasserman v. W.R. Grace & Co., 281 N.J. Super. 34, 38 (App. Div. 1995). Thus, residential property owners may be liable if:

> (1) they or their predecessors negligently constructed or repaired the sidewalk; (2) their use of the property rendered the sidewalk unsafe; (3) they installed a drain, grating or hole in or upon the sidewalk; or (4) they created a dangerous condition in the sidewalk by building upon it.

6

[Dupree v. City of Clifton, 351 N.J. Super. 237, 246 (App. Div. 2002) (citing Stewart, 87 N.J. at 152-53).]

Our State's jurisprudence concerning the duty of care an owner of a single family dwelling owes to a pedestrian injured due to the accumulation of snow and ice is well-settled. "Residential property owners do not have a common-law duty to clear snow or ice from a public sidewalk and the failure to do so does not expose them to tort liability." Qian v. Toll Bros, Inc., 223 N.J. 124, 136 (2015); see also Brown v. Kelly, 42 N.J. 362, 363 (1964) ("owner of property abutting a public sidewalk is under no obligation to pedestrians to keep the sidewalk free from snow and ice which accumulate thereon from natural causes"); Briglia v. Mondrian Mortg. Corp., 304 N.J. Super. 77, 80 (App. Div. 1997) ("[o]wners of residential property are not liable for injuries to pedestrians for failure to remove accumulated snow on an abutting public sidewalk").

Here, the record is uncontroverted that: (1) defendant's property is a single family dwelling; and (2) plaintiff slipped and fell due to the accumulation of snow and ice. We agree with the motion judge's characterization of plaintiff's testimony concerning whether the sidewalk had been shoveled before her accident as mere "speculation." The architect's final conclusion in his report sounds more like an attorney's closing argument to a jury than an expert's

opinion based on competent evidence in the record. In short, plaintiff did not present any competent evidence that establishes defendant is legally liable for the injuries she suffered as a result of her fall.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION