**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4926-18T4

JEANNE LESSNER and
DEBBIE FRANK, w/w,

     Plaintiffs-Appellants,

v.

JASON PIRKLE and
DEBRA PIRKLE,

     Defendants-Respondents.

_____

Argued telephonically April 29, 2020 –
Decided July 1, 2020

Before Judges Fuentes and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7238-17.

Edward P. Capozzi argued the cause for appellants (Brach Eichler, LLC, attorneys; Edward P. Capozzi and Jeremy Hylton, on the briefs).

Joseph F. Skinner argued the cause for respondents (Kirmser, Lamastra, Cunningham & Skinner, attorneys; Joseph F. Skinner, of counsel and on the brief; Laura P. Baker, on the brief).

PER CURIAM

Plaintiff fractured her wrist when she tripped and fell on the sidewalk abutting defendants' residence. Plaintiffs filed a civil action against defendants to recover compensatory damages. After the parties engaged in discovery, the Law Division granted defendants' motion for summary judgment and dismissed plaintiffs' complaint with prejudice. In this appeal, plaintiffs argue the Law Division erred by not viewing the facts in the light most favorable to plaintiffs and by concluding defendants did not have a legal duty to maintain an artificially created condition on their premises. Alternatively, plaintiffs argue the court committed reversible error by not considering whether defendants "voluntarily assumed" a duty of care to plaintiffs. We reject these arguments and affirm.

The Law Division correctly applied our State's long-settled common law immunity to conclude defendants did not have a legal duty to maintain the sidewalk abutting their residence. In reaching this decision, the motion judge applied the standard codified in Rule 4:46-2(c), as explained by the Court in Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We apply these standards of review de novo to determine whether the motion judge correctly decided this case as a matter of law. Lee v. Brown, 232 N.J. 114, 126 (2018).

These are the salient facts. On July 16, 2017, plaintiffs Jeanne Lessner and Debbie Frank were walking in their neighborhood when they came upon the sidewalk abutting a one family house located on Elston Road in the Township of Montclair. A portion of the sidewalk slabs abutting this residence were uneven, creating approximately a one-inch gap between the sidewalk slabs. A growth of grass and weeds protruded through this one-inch height disparity. On February 2, 2018, Lessner described how the accident occurred in response to the following interrogatory: "Describe in detail your version of the accident or occurrence setting forth the date, location, time and weather:"

> [O]n a clear day, on or about July 16, 2017, . . . [p]laintiff, Jeanne Lessner, was a non-trespassing entrant lawfully on the sidewalk abutting [d]efendants, Jason and Debra Pirkle's property[.] . . . At that time, [p]laintiff tripped and fell over a dangerous condition on the property believed to be an uneven sidewalk. As a result of the incident, [p]laintiff sustained serious and permanent injuries.

In a deposition taken on September 18, 2018, Lessner testified that the accident occurred on a Sunday morning at "[a]bout 9:30 [a.m.]". She described the weather conditions as "beautiful". She and her spouse Debbie Frank were "exercise walk[ing]" at a "normal pace stroll," which is something they did on a regular basis. The accident occurred about three blocks from their house. When

A-4926-18T4

asked what caused her to fall, she responded: "I tripped." When asked to clarify this response, Lessner stated:

> Q. Just so I am clear, based upon what you just testified to, the sidewalk played no part in your falling on that day, is that your testimony?
>
> A. Yes.
>
> Q. So what you just told Mr. Capozzi, it was the grass in between the two sidewalk slabs that caused you the problem?
>
> A. Yes.
>
> Q. It wasn't the sidewalk?
>
> A. Yes.
>
> Q. It was not the sidewalk or it was the sidewalk?
>
> A. It was not the sidewalk.
>
> Q. Alright. Thank you.

On October 10, 2017, plaintiffs filed a civil action against defendants based on common law negligence and failure to maintain the sidewalk abutting their home in a good state of repair. Lessner sought compensatory damages for her pain and suffering and the medical expenses she incurred to treat her fractured wrist. Frank asserted a derivative per quod claim as Lessner's spouse and sought compensation for loss of consortium.

A-4926-18T4

Defendants filed a responsive pleading and the parties engaged in discovery. On March 14, 2019, defendants moved for summary judgment, arguing they were not civilly liable to plaintiffs based on this State's long-settled principles of common law immunity for sidewalk liability to residential properties. The judge provided the following description of the legal and factual basis of plaintiffs' case:

> Plaintiff's opposition centers around the contention that the condition, which caused [p]laintiff's accident, was an artificial one, and in so doing, relies on architect and expert witness Kenneth Stoyack's opinion, finding that [d]efendants failed to adequately maintain the landscaping, thereby allowing roots of the hedges on the property to create an artificial condition by raising the concrete slab approximately one inch.

The judge noted that Stoyack's opinion in the report was based on an inspection of the sidewalk he conducted nearly a year and a half after the accident. The judge found, and the record supports, that:

> There is no description of any effort undertaken to determine that the roots, in fact, caused the sidewalk to lift, as it allegedly did. Nor is there any indication of any examination of the premises, the grounds, or the property to verify that the sidewalk was lifted by virtue of the presence of a root related to the hedges.

Residential landowners enjoy "blanket immunity" from sidewalk liability. Lodato v. Evesham, 388 N.J. Super. 501, 507 (App. Div. 2006). Absent

A-4926-18T4

competent evidence establishing they "create[d] or exacerbate[d] a dangerous sidewalk condition[,]" residential landowners do not owe a duty to pedestrians to maintain the sidewalks abutting their property. Luchejko v. City of Hoboken, 207 N.J. 191, 210 (2011). The motion judge correctly found defendants did not undertake any project to alter or modify the sidewalk or the hedges that were there when they purchased the property in 2000. Dupree v. City of Clifton, 351 N.J. Super. 237, 246 (App. Div. 2002).

The judge properly rejected any argument that would impose liability on defendants merely "because the hedges were in their exclusive control to maintain and that . . . [d]efendants did, in fact, maintain the hedges, that somehow they are responsible for [p]laintiff tripping over weeds or grass in the sidewalk slab." Finally, plaintiffs' counsel argued there was a material question of fact in dispute that precluded deciding this case on summary judgment based on Lessner's own inconsistent testimony about what caused her fall. As the following verbatim analysis shows, the motion judge quickly noted the absurdity of this proposition:

> The fact remains that the sidewalk, in its purportedly raised condition, was not the cause in fact or may not have been the cause in fact of [p]laintiff's injuries. She offers two possible causes. The argument made by [p]laintiff in the opposition papers to this effect is contrary -- at least in part -- to her own testimony. She

has created an ambiguity. And in either instance, regardless of either cause, there is nothing in the record to suggest that the condition of the sidewalk -- be it raised by some supposed root that may or may not be present, or be it as a result of weeds or grass -- imposes any sort of duty or result in liability on the part of . . . [d]efendants.

The record is unambiguous that during her deposition, [p]laintiff relayed that she was caused to trip by weeds and/or overgrown grass protruding out of the sidewalk, but not from the raised or uneven sidewalk itself.

. . . .

That said, the [c]ourt does not find [d]efendant's argument persuasive that since [p]laintiff's expert did not inspect the premises for almost one and a half years after [p]laintiff's accident, the measurement could not be used as proof of the alleged defect which existed at the time of the accident.

The record is undisputed that plaintiffs' cause of action is predicated upon Lessner falling on a sidewalk abutting a one family residence. As the owners of this property, defendants are not civilly liable for plaintiffs' injuries.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4926-18T4