**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4791-15T4

CYNTHIA JOHNSON and
GERALD JOHNSON, husband
and wife,

    Plaintiffs-Appellants,

v.

BRANDYWINE OPERATING
PARTNERSHIP, LP, and
BRANDYWINE REALTY TRUST,

    Defendants-Respondents.

_____

        Submitted October 5, 2017 — Decided November 16, 2017

        Before Judges Rothstadt and Gooden Brown.

        On appeal from Superior Court of New Jersey,
        Law Division, Camden County, Docket No. L-
        4362-14.

        Hoffman DiMuzio, attorneys for appellants
        (Michael W. Glaze, on the brief).

        Reger Rizzo Darnall, LLP, attorneys for
        respondents (John M. Cinti, on the brief).

PER CURIAM

Plaintiffs Cynthia Johnson and her husband, Gerald Johnson, appeal from the Law Division's entry of summary judgment in favor of defendants Brandywine Operating Partnership, LP and Brandywine Realty Trust (Brandywine), dismissing plaintiffs' complaint with prejudice. Defendants owned and operated the building and property where Cynthia[1] was employed. Plaintiffs' complaint sought damages for injuries Cynthia sustained when she fell on black ice in the parking lot of defendants' property. The motion judge granted defendants' motion after he found that prior complaints of icing in the parking lot were insufficient to constitute constructive notice of icing conditions in the area where plaintiff fell, especially in light of the size of the parking lot.

On appeal, plaintiffs argue that the judge erred in granting summary judgment because there was sufficient evidence in the record to establish issues of material fact as to defendants' notice of the icing condition on the property and their failure to correct the problem before Cynthia fell. Plaintiffs also assert that summary judgment was unwarranted

---

[1]  We refer to plaintiffs by their first names to avoid any confusion caused by their common surnames.

because defendants committed spoliation[2] of evidence when they failed to produce a complete copy of the incident report that contained information pertinent to their case.

Based upon our de novo review of the motion record, we agree that plaintiffs established material issues of fact that should have defeated summary judgment. We reverse and remand for a trial.

The facts set forth in the record, viewed in the light most favorable to plaintiff, see Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)), are summarized as follows. On December 14, 2014, while walking into work, Cynthia was injured when she slipped and fell on black ice in defendants' parking lot, near metal drainage gates in an area that was graded to direct water to flow into the drains. Prior to her fall, precipitation fell and temperatures rose above and fell below freezing over a three-day period.

After Cynthia reported her fall on the date of the incident to her employer and defendants, Jeff Hoffner, defendants' building engineer, examined the location where Cynthia fell.

---

[2] A spoliation claim arises when a party in a civil action has hidden, destroyed, or lost relevant evidence that impaired another party's ability to prosecute or defend the action. See Rosenblit v. Zimmerman, 166 N.J. 391, 400-01 (2001).

A-4791-15T4

Following the inspection, Kathy Barker, defendants' employee, filled out an incident report based on Hoffner's observations. According to Barker, Hoffner observed safety cones in the area of the fall, but stated that he did not place them. Barker confirmed that the incident report was missing additional information, but she does not remember what is missing.[3]

Although Hoffner did not have any specific recollection of Cynthia's fall or his inspection, he was aware of prior tenant complaints about icing in portions of the parking lot. According to Hoffner, however, there were no areas on the property where there were small rivulets from runoff, ponding or puddling, or any tendency to ice up near the drains. When he became aware of an icy condition, he would call the property manager or the snow and ice removal contractor. He would not remove the snow or ice himself. Even when it rained and temperatures fell below freezing, he would not expect the snow and ice removal contractor to come to the property.

Plaintiffs filed their complaint and when discovery was complete, defendants filed their motion for summary judgment,

---

[3] Defendants contend that they informed plaintiffs of the missing portion of the report before plaintiffs filed their brief. Defendants assert that the complete sentence missing at the bottom of the report read, "Per our building engineer, Jeff Hoffner, he did not put cones up, nor . . . did he remember seeing any black ice in parking lot."

arguing that the court should grant their motion because plaintiffs could not "identify the source of the black ice[,]" and defendants had no notice of the condition. Plaintiffs asserted that prior tenant complaints about icing in the parking lot placed defendants on notice, and created a question of fact for a jury.

Relying on Hoffner's deposition testimony, the motion judge acknowledged that "[t]he area of the parking lot in question" was known to have icing issues. However, he found that plaintiffs did not meet their burden of proof to demonstrate that the prior complaints related to the specific area where Cynthia fell. The judge also found that plaintiffs' contention was pure speculation, and thus, insufficient to demonstrate that defendants had constructive notice of the hazardous condition. The judge never addressed plaintiffs' spoliation claim that was discussed at oral argument. He entered an order granting defendants' motion for summary judgment and dismissed plaintiffs' complaint with prejudice. This appeal followed.

We review the disposition of a summary judgment motion de novo, applying the same standard used by the motion judge under Rule 4:46-2(c). See Cypress Point Condo. Ass'n v. Adria Towers, LLC, 226 N.J. 403, 414-15 (2016) (citations omitted). We consider, as the motion judge did, "whether the competent

evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Brill, supra, 142 N.J. at 540); see also R. 4:46-2(c). If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007), certif. denied, 195 N.J. 419 (2008). In our de novo review, we give no deference to the motion judge's legal conclusions. Davis, supra, 219 N.J. at 405 (citing Nicholas v. Mynster, 213 N.J. 463, 478 (2013)).

Plaintiffs' complaint alleged Cynthia's injuries were caused by defendants' negligence. "To prevail on a claim of negligence, a plaintiff must establish four elements: (1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages." Fernandes v. DAR Dev. Corp., Inc., 222 N.J. 390, 403-04 (2015) (citation omitted). Generally, negligence will not be presumed; rather, it must be proven. Rocco v. N.J. Transit Rail Operations, Inc., 330 N.J. Super. 320, 338 (App. Div. 2000). Indeed, there is a presumption against negligence, and "the burden of proving [it] is on the plaintiff." Jerista v. Murray,

185 <u>N.J.</u> 175, 191 (2005) (citing <u>Buckelew v. Grossbard</u>, 87 <u>N.J.</u> 512, 525 (1981)).

Commercial property owners have a duty to maintain their own property free of dangerous conditions. <u>Qian v. Toll Bros. Inc.</u>, 223 <u>N.J.</u> 124, 135-36 (2015). The duty can extend to the removal of snow or ice. <u>Id.</u> at 136 (citing <u>Mirza v. Filmore Corp.</u>, 92 <u>N.J.</u> 390, 395 (1983)). "The test is whether a reasonably prudent person, who knows or should have known of the condition, would have within a reasonable period of time thereafter caused the [property] to be in reasonably safe condition." <u>Id.</u> at 395-96. Plaintiff must also prove that "the defective condition was a proximate cause of [her] injuries." <u>Id.</u> at 396.

"Whether a commercial property owner had actual or constructive notice of an icy condition on the [property] is for the finder of fact, not a court on a motion for summary judgment." <u>Gray v. Caldwell Wood Prods., Inc.</u>, 425 <u>N.J. Super.</u> 496, 503 (App. Div. 2012). "It is for a jury to determine whether the commercial property owner had actual or constructive notice of the dangerous condition." <u>Ibid.</u> (citing <u>Mirza</u>, <u>supra</u>, 92 <u>N.J.</u> at 395-96). Constructive notice is found where "the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been

reasonably diligent.'" <u>Troupe v. Burlington Coat Factory Warehouse Corp.</u>, 443 <u>N.J. Super.</u> 596, 602 (App. Div. 2016) (quoting <u>Parmenter v. Jarvis Drug Stores, Inc.</u>, 48 <u>N.J. Super.</u> 507, 510 (App. Div. 1957)).

Applying these requirements to plaintiffs' proofs on summary judgment, we conclude from our review that there was sufficient evidence in the record from which a reasonable jury could find that defendants had notice of ice in the parking lot for a sufficient amount of time, and failed to remediate the problem before Cynthia's fall. That evidence includes, as recognized by the motion judge, proof that the lot had a history of icing issues, Hoffner's knowledge of prior icing conditions from tenants' complaints, and the presence of safety cones in the area where Hoffner inspected. Notably, Hoffner testified that it was defendants' responsibility to contact the snow removal contractor if they encountered icy conditions. There also existed an issue of fact about whether the grading in the lot caused water to flow to drains near to where plaintiff fell, and if it had the potential to turn to ice under freezing temperatures.

There was also evidence from which a jury could have inferred the ice was present for a sufficient length of time such that a reasonably diligent employee acting on defendants'

behalf should have observed and remedied the condition. Plaintiffs provided weather reports demonstrating that "over ½ inch of rain" fell and temperatures periodically dropped below freezing on days prior to the incident in question. Defendants disputed those reports and provided evidence that contradicted plaintiffs' allegations of freezing rain. The issue of whether there was any freezing rainfall was probative of whether defendants had notice of the condition and the length of time the condition existed, if at all, without remediation efforts.

The parties' dispute about the facts asserted by plaintiffs in their opposition to summary judgment had to be resolved by a jury. Under these circumstances, we are constrained to reverse the entry of summary judgment in favor of defendants.

Because of our decision to reverse the entry of summary judgment, we have no reason to address plaintiffs' claim of spoliation. We observe only that defendants have apparently provided the alleged missing information. Nevertheless, our decision not to address the claim is without prejudice to plaintiffs raising the issue again before the motion judge, if they wish to pursue that claim.

Reversed and remanded for trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                    A-4791-15T4