698 A.2d 28

TIMOTHY J. BRIGLIA AND DEBORAH BRIGLIA, PLAINTIFFS–APPELLANTS, v. MONDRIAN MORTGAGE CORPORATION AND DANIEL R. SPENCER, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 19, 1997—Decided August 11, 1997.

Before Judges LONG [1], A.A. RODRIGUEZ and CUFF.

*William Gold* argued the cause for appellants (*Brown & Gold*, attorneys).

*Robert John Aste* argued the cause for respondent Mondrian Mortgage Corporation (*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski*, attorneys; *Elliott Abrutyn*, of counsel, *Mr. Aste* on the brief).

*Gary J. Intoccia* argued the cause for respondent *Daniel R. Spencer* (*Granstrand & Caiati*, attorneys).

The opinion of the court was delivered by

RODRIGUEZ, A.A., J.A.D.

In this appeal, we hold that a mortgagee in possession of vacant residential property is not a commercial landowner for purposes of imposing sidewalk liability. To the extent that *Colarte v. Federal Nat'l Mortgage Assn.*, 298 *N.J.Super.* 525, 689 *A.*2d 869 (Law Div.1996), holds to the contrary it is overruled. We therefore affirm the summary judgment entered against plaintiffs Timothy and Deborah Briglia which dismissed their complaint against Mondrian Mortgage Corporation (Mondrian) and Daniel R. Spencer (Spencer).

The parties presented the following undisputed evidence on Mondrian and Spencer's motion for summary judgment. Plaintiffs reside at 30 Brainard Street in Phillipsburg. The adjoining property, 32 Brainard Street was owned by Spencer. In 1993, Spencer abandoned the single-family home and Mondrian entered into possession as first mortgagee. In August 1993, Mondrian's agent secured the property by changing the locks, disconnecting the water meter, blowing out the water pipes with compressed air, and discontinuing the heat and electric services. It is undisputed

---

[1] Judge Long did not participate in oral argument. However, the parties consented to her participation in the decision.

that after August 1993, the house was vacant and uninhabitable. Mondrian, through its agents, filed a complaint for foreclosure in November 1993. Final judgment in foreclosure was entered against Spencer on July 29, 1994.

In the interim, on February 11, 1994, Timothy Briglia slipped and fell on ice hidden under fresh snow which had accumulated on the public sidewalk abutting 32 Brainard Street. It is undisputed that no one had removed fallen snow from previous storms. Plaintiffs sued Spencer and Mondrian. Plaintiffs moved successfully for substituted service upon Spencer's carrier, CNA Insurance Company. The judge subsequently amended the order for substituted service to limit the court's jurisdiction to the liability limits of Spencer's homeowner insurance policy, *i.e.* $300,000. Mondrian and Spencer filed answers and moved for summary judgment. The judge granted their motions.

On appeal, plaintiffs contend that: (1) Mondrian was a commercial user of the property; (2) Mondrian made the property uninhabitable and is therefore liable for making it a commercial property; (3) Spencer should have been denied summary judgment because his use of the property was unknown, and (4) there is no legal basis for the limitation of the court's jurisdiction in Spencer's case.

We disagree with plaintiffs' contention that Mondrian was a commercial landowner in the context of sidewalk liability by virtue of its status as a mortgagee in possession. Sidewalk liability law in New Jersey is well-settled. Owners of residential property are not liable for injuries to pedestrians for failure to remove accumulated snow on an abutting public sidewalk. *Brown v. St. Venantius Sch.*, 111 *N.J.* 325, 327, 544 *A.*2d 842 (1988). Commercial landowners, however, are responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so. *Stewart v. 104 Wallace St., Inc.*, 87 *N.J.* 146, 157, 432 *A.*2d 881 (1981). Such duty includes removal or reduction of snow and ice as well as repairs. *Mirza v. Filmore Corp.*, 92 *N.J.*

390, 456 A.2d 518 (1983). Liability also extends to a lessee in exclusive possession of commercial premises abutting the sidewalk. *Antenucci v. Mr. Nick's Mens Sportswear*, 212 *N.J.Super.* 124, 129–30, 514 A.2d 75 (App.Div.1986).

In *Abraham v. Gupta*, 281 *N.J.Super.* 81, 656 A.2d 850 (App. Div.), *certif. denied*, 142 *N.J.* 455, 663 A.2d 1362 (1995), we held that a vacant lot zoned for commercial use and not used in conjunction with a business enterprise is not to be considered commercial property for sidewalk liability purposes. We observed that:

> What we glean from *Stewart* and its progeny is an unexpressed, but nevertheless intended limitation to its rule: liability is imposed upon the owner of a profit, or not-for-profit enterprise, regardless of whether the enterprise is in fact profitable. It is the capacity to generate income which is the key. In part, liability is imposed because of the benefits the entrepreneur derives from providing a safe and convenient access for its patrons. Secondly, such an enterprise has the capacity to spread the risk of loss arising from injuries on abutting sidewalks, either through the purchase of commercial liability policies or 'through higher charges for the commercial enterprise's goods and services.' *Mirza*, 92 *N.J.* at 397, 456 A.2d 518.
> [*Id.* at 85, 656 A.2d 850.]

Here, as in *Abraham*, these policy considerations do not apply. The vacant house does not generate income. Mondrian does not derive a benefit from the sidewalk abutting a vacant house. Even if the house was listed for sale, access to it for that purpose is simply not sufficient. It does not make it a commercial property because access is not any different than if a private residence was offered for sale. Mondrian is not conducting "a daily business" at 32 Brainard Street to which "a safe and convenient access is essential." *Ibid.* More importantly, because no activity takes place there, Mondrian does not have any employees present to monitor the necessity for snow and ice removal. Moreover, Mondrian was not the owner of this property at the time of plaintiff's fall. Spencer was the record owner. *See McCorristin v. Salmon*, 244 *N.J.Super.* 503, 508, 582 A.2d 1271 (App.Div.1990) (recognizing that "mortgagee is not owner of property unless there is a foreclosure and sale to mortgagee.") Mondrian, as the mortgagee in possession, has limited rights to the

property. It cannot even list the property for sale until there is a judgment in foreclosure. *See Chase Manhattan Bank v. Josephson,* 135 *N.J.* 209, 217, 638 *A.*2d 1301 (1994). All Mondrian can do is protect the value of its security. *McCorristin, supra,* 244 *N.J.Super.* at 508, 582 *A.*2d 1271 (recognizing mortgagee's "right not to have his security impaired" prior to foreclosure). We find no binding authority to impose sidewalk liability under the circumstances presented here.

■ We also reject plaintiff's contention that Mondrian should be liable because it made the house uninhabitable. Changing the use of property from residential to commercial does result in the imposition of liability. *See Stewart, supra,* 87 *N.J.* at 157, 432 *A.*2d 881. We find no authority, however, to support the proposition that changing the activity on a property from a residential use to no use at all results in the imposition of liability.

■ We also reject the contention that Spencer should have been denied summary judgment because it is not known to what use he put the property when he was in possession. Sidewalk liability is imposed if it is used for commercial purposes at the time of the occurrence giving rise to an injury. Use during other periods is irrelevant.

The remaining contention is moot, thus, we do not address it.

Affirmed.