42 A.3d 192 (2012)
425 N.J. Super. 496
Ethel GRAY, Plaintiff-Appellant,
v.
CALDWELL WOOD PRODUCTS, INCORPORATED and John Fressie, Defendants, and
27-75th North Bergen LLP, Defendant-Respondent.
Docket No. A-0120-11T1
Superior Court of New Jersey, Appellate Division.
Submitted March 13, 2012.
Decided May 7, 2012.
*193 Lord & Kobrin, attorneys for appellant (Jeffrey S. Fattell, Mountainside, on the brief).
Weiler & Brandman, attorneys for respondent (Francine M. Chillemi, on the brief).
Before Judges CARCHMAN, FISHER and MAVEN.
The opinion of the court was delivered by
MAVEN, J.S.C. (temporarily assigned).
Plaintiff Ethel Gray appeals the order granting summary judgment entered in favor of defendant 27-75th North Bergen LLP. The issue presented in this appeal is whether sidewalk liability applies to an owner of a vacant commercial building. In deciding this case, we add to the evolving jurisprudence on sidewalk liability and hold that a commercial property owner has a duty to maintain the sidewalk abutting its vacant building. We reverse and remand.
Plaintiff was injured on January 18, 2009, when she slipped and fell on an ice and snow covered sidewalk in front of defendant's commercial building in Paterson. At the time of the accident, the building was vacant and had been since the prior tenant vacated on October 1, 2007.
The building had no electricity and was secured with boarded windows, locked doors and an iron gate. There is no dispute that the property in question is a commercial property. John Fressie, a principal representative of defendant, admitted in his deposition that during defendant's ownership, the property had been leased as a retail store, was being marketed for sale as a commercial property, and prospective buyers were permitted entry to inspect the premises. The owners maintained a commercial insurance policy on the building.
In moving for summary judgment, defendant relied solely on our decision in Abraham v. Gupta, 281 N.J.Super. 81, 656 A.2d 850 (App.Div.), certif. denied, 142 N.J. 455, 663 A.2d 1362 (1995), and argued that there was no legal basis for sidewalk liability because the property was vacant and no business operations or activities were being conducted at the property at the time of the accident. Plaintiff raised several facts to support the imposition of sidewalk liability: the property's potential to generate income; the active marketing of the property at the time of the accident; the eventual sale of the property two months after the accident; and the owner's ability to spread the risk, as evidenced by the commercial insurance coverage on the property.
In Abraham, supra, 281 N.J.Super. at 85, 656 A.2d 850, we held that the owner of the vacant commercial lot could not be *194 held liable because that property (1) was not owned by or used as part of a contiguous commercial enterprise or business; (2) did not entertain a daily business activity on the lot to which safe and convenient access was essential; and (3) had no means of generating income to purchase liability insurance or to spread the risk of loss. The trial court, relying on that holding, concluded that defendant's commercial property was not subject to sidewalk liability because, as a vacant building, the property was not being used at the time of the accident. In granting summary judgment, the court ruled that:
There has to be aa business enterprise being conducted on the property, whether it's vacant or not, to have the capacity to generate income. Whether they're profitable or not doesn't matter. Once you have an enterprise being conducted from a property under Stewart,[[1]] and as articulated in Abraham v. Gupta, you are subject to sidewalk liability.
....
Where there is no use of the property, there can be no liability. So summary judgment is being awarded....
In denying reconsideration, the judge characterized the building as equivalent to "a vacant lot" to bring it closer to the holding in Abraham.
When reviewing an order granting summary judgment, we apply the same standard as that applied in the trial court. Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46, 916 A.2d 440 (2007); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536, 666 A.2d 146 (1995). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Therefore, we must first decide whether there is a genuine issue of fact. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App.Div), certif. denied, 154 N.J. 608, 713 A.2d 499 (1998). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c); Brill, supra, 142 N.J. at 540, 666 A.2d 146. Second, if there is no genuine issue of material fact, we determine whether the moving party is entitled to summary judgment as a matter of law. Boylan, supra, 307 N.J.Super. at 169-70, 704 A.2d 597.
Consistent with the common law, New Jersey long recognized that the government bore the primary responsibility for the maintenance of sidewalks. Abutting property owners were not liable for the condition of sidewalks caused by wear and tear incident to public use, "but only for the negligent construction or repair of the sidewalk by himself ... or for direct use or obstruction of the sidewalk by the owner in such a manner as to render it unsafe for passersby." Yanhko v. Fane, 70 N.J. 528, 532, 362 A.2d 1 (1976). The Supreme Court overruled the common law principle of no-liability in Stewart, supra, 87 N.J. at 157, 432 A.2d 881. The rule had become inconsistent with the modern day uses of streets and sidewalks and was changed to provide innocent injured parties legal recourse, and abutting property owners an incentive to keep their sidewalks in good repair.
*195 After the Court's decision in Stewart, commercial property owners are held "responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so." Ibid. Mindful of the significant impact its decision would have on property owners, the Court carefully limited the imposition of liability to commercial properties and directed that the determination of properties to be covered by the newly adopted rule would abide the "commonly accepted definitions of `commercial' and `residential' property ... with difficult cases to be decided as they arise." Id. at 159-60, 432 A.2d 881.
In Stewart, the Court recognized that the new rule would impose an expense on the commercial property owner but reasoned that insurance would become available, the cost of which would be absorbed as a necessary cost of doing business. In applying Stewart, we recognized that the purpose of the sidewalk liability rule was to impose liability on those commercial properties that have the capacity to generate income, and spread the risk of loss through either the purchase of property insurance or an increase in the cost of goods or services. Abraham, supra, 281 N.J.Super. at 85, 656 A.2d 850. We observed that, unlike the vacant lot in Stewart that generated income as part of the business enterprise with the contiguous property, the vacant lot in Abraham had no independent means of generating income, thereby absolving the owner of sidewalk liability. Id. at 85-86, 656 A.2d 850.
We distinguish Abraham. The property here is not a vacant lot but a commercial building. This building had the capacity to generate income and, had, in fact, generated income in the recent past. The vacant property could have been put to use to generate income as a retail store; however, the owners chose to market the property for sale. Defendant made the property accessible to potential buyers thereby subjecting itself to the duty to keep their property safe for their invitees. Defendant maintained property insurance, presumably to protect against injuries to their invitees. Fressie testified at deposition that defendant sold the property to make money.[2] Defendant is precisely the type of commercial property owner upon whom it is appropriate to impose liability. Sidewalk liability should be imposed on this commercial property owner to prevent the "obvious arbitrariness of the fact that in [an] accident[ ] occurring within the boundaries of [defendant's] premises, a plaintiff ... would have a cause of action, whereas the same plaintiff injured on a poorly maintained public sidewalk just outside [defendant's] premises would ... have no cause of action." Stewart, supra, 87 N.J. at 156-57, 432 A.2d 881. Here, plaintiff should have a cause of action just as one of defendant's prospective purchasers would have had if they were injured in the building. We conclude this property is a commercial property subject to sidewalk liability as provided in Stewart and its progeny.
The definitive reason for subjecting defendant to sidewalk liability rests in the extension of the Stewart rule of law to the imposition of a duty on commercial property owners to remove ice and snow from the abutting sidewalks or reduce the risk, depending on the circumstances. Mirza v. Filmore Corp., 92 N.J. 390, 395, 456 A.2d 518 (1983).
The Court recognized that:
the duty to remove snow and ice is more important and less onerous than the *196 general duty of maintenance imposed in Stewart. Snow and ice pose a much more common hazard than dilapidated sidewalks. The many innocent plaintiffs that suffer injury because of unreasonable accumulations should not be left without recourse.
[Id. at 395, 456 A.2d 518.]
To reach the ultimate determination of liability, the Mirza Court set forth the standard of proof.
The test is whether a reasonably prudent person, who knows or should have known of the condition, would have within a reasonable period of time thereafter caused the public sidewalk to be in reasonably safe condition. The accident victim must also prove that the defective condition was a proximate cause of his injuries.
[Id. at 395-96, 456 A.2d 518.]
A factual dispute as to whether a commercial landowner had actual or constructive notice of an icy condition on the sidewalk is for the finder of fact, not a court on a motion for summary judgment. It is for a jury to determine whether the commercial property owner had actual or constructive notice of the dangerous condition. Mirza, supra, 92 N.J. at 395-96, 456 A.2d 518.
The record reveals that plaintiff slipped and fell on the sidewalk in front of defendant's property that had not been cleared of snow or ice. Fressie stated that he never attempted to remove the snow or clear the sidewalk of ice, and never engaged a snow removal contractor to perform such services at any time that defendant owned the building. Here, there are genuine issues of fact whether defendant had notice of the icy condition of the sidewalk, or acted reasonably by not clearing the snow and ice. These questions cannot be resolved in a summary judgment action.
Lastly, the City of Paterson has a snow removal ordinance[3] that applies to all commercial and residential properties. An ordinance does not create a tort duty, as a matter of law; however, it may establish a standard of conduct. Luchejko v. City of Hoboken, 414 N.J.Super. 302, 319, 998 A.2d 506 (App.Div.2010), aff'd, 207 N.J. 191, 23 A.3d 912 (2011). Consideration of the effect the ordinance may have on the issue of actual or constructive notice to defendant or the standard of conduct, or defendant's duty to clear the snow and ice, is left to the province of a jury.
Accordingly, we reverse the order granting summary judgment and remand the matter for further proceedings.
Reversed and remanded.
NOTES
[1] Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 432 A.2d 881 (1981).
[2] The building was sold on March 18, 2009, two months after the accident, for $225,000.
[3] City of Paterson ordinance § 435-103. A copy of the ordinance was not provided for our review on appeal.