ROTHSTADT, J.A.D.
*191 *35 In this appeal, we are asked to determine whether sidewalk liability applies to an owner of a vacant church because in Gray v. Caldwell Wood Products, Inc., 425 N.J. Super. 496, 42 A.3d 192 (App. Div. 2012), we imposed liability on the owner of a vacant, boarded-up building that had been used for commercial purposes. For the reasons that follow, we hold that a vacant church maintains its status as a noncommercial property, not subject to a commercial property's sidewalk liability. We reject any reading of Gray that imposes liability on owners of vacant residential or *36 noncommercial properties that have not been put to any commercial use.
Plaintiff Timothy Ellis challenges the Law Division's orders denying his motion to classify the subject church as a commercial property and granting a cross-motion for summary judgment filed by defendants, Hilton United Methodist Church and the Board of Trustees of the Greater New Jersey Annual Conference of the United Methodist Church. We affirm.
The facts giving rise to plaintiff's claim are not in dispute. On August 27, 2015, plaintiff filed a complaint for damages arising from injuries he sustained when he slipped and fell on the sidewalk abutting defendants' premises on September 9, 2013. He claimed that he fell because the sidewalk was uneven and broken, and alleged negligence and other causes of action arising from the incident.
Before discovery concluded,[1] plaintiff filed a motion on July 20, 2016, captioned "Motion to Strike the Defense of Charitable Immunity and to Classify Defendant as a Commercial Landowner." Relying on Gray, he argued that because defendants' abandoned property had the "potential to generate income," liability should be imposed on defendants. In response, defendants filed a cross-motion for summary judgment arguing that they were not commercial landowners, the church was no longer in operation, and they had no duty to maintain the sidewalk.[2] In support of their cross-motion, defendants attached a certification stating that the church was not in operation at the time of plaintiff's accident, and that worship and other programs at the church ceased in June 2011.
There was no evidence in the record that defendants conducted or allowed others to conduct any commercial enterprises from the church. It was undisputed, however, that defendants maintained *37 premises liability insurance even though the church ceased operations at the location.
After considering the parties' submissions and oral argument, the motion judge denied plaintiff's motion to classify defendants as commercial landowners and granted defendants' cross-motion for summary *192 judgment, dismissing the complaint with prejudice. This appeal followed.
Plaintiff contends on appeal that we should reverse the motion judge's entry of summary judgment in favor of defendants because "[a]t the time of the accident, [defendants'] property was not used for any religious or charitable purposes and [therefore] it must be classified as commercial property." He argues "[t]here is no authority to support the proposition that liability is imposed on commercial landowners[,] but not on noncommercial landowners. A property must be either commercial or residential." According to plaintiff, "[t]he mere fact that the premises was abandoned should not free [defendants] from liability." He further claims that although "there are no New Jersey cases involving a trip and fall accident that occurred on a sidewalk abutting a church that is no longer in operation[,]" the logic this court used in Gray should apply, especially because defendants maintained liability insurance like the defendant landowner in Gray. Last, although not raised before the motion judge, plaintiff argues it was improper for the judge to consider defendants' cross-motion for summary judgment before discovery was complete. We disagree with all of these contentions.
We review a trial court's order granting summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346, 157 A.3d 416 (2017). We examine the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law. Ibid."Summary judgment should be denied unless" the moving party's right to judgment is so clear that there is "no room for controversy."
*38 Akhtar v. JDN Props. at Florham Park, LLC, 439 N.J. Super. 391, 399, 109 A.3d 228 (App. Div. 2015) (quoting Saldana v. DiMedio, 275 N.J. Super. 488, 495, 646 A.2d 522 (App. Div. 1994) ).
We begin our analysis by recognizing that "[g]enerally, absent negligent construction or repair, a land-owner does not owe a duty of care to a pedestrian injured as a result of the condition of the sidewalk abutting the landowner's property." Dupree v. City of Clifton, 351 N.J. Super. 237, 241, 798 A.2d 105 (App. Div. 2002) (citing Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 153, 432 A.2d 881 (1981) ), aff'd o.b., 175 N.J. 449, 815 A.2d 960 (2003). An exception to this rule has been carved out "with respect to sidewalks abutting a commercial landowner's property." Ibid. (citing Stewart, 87 N.J. at 150, 432 A.2d 881 ). In those cases, "commercial landowners are responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so." Stewart, 87 N.J. at 157, 432 A.2d 881. This exception, however, only applies to commercial landowners, and not to a church that "uses its property solely for religious purposes[.]" Dupree, 351 N.J. Super. at 243, 798 A.2d 105 (citing Lombardi v. First United Methodist Church, 200 N.J. Super. 646, 648, 491 A.2d 1350 (App. Div. 1985) ); see also Luchejko v. City of Hoboken, 207 N.J. 191, 205, 23 A.3d 912 (2011) ; Brown v. St. Venantius Sch., 111 N.J. 325, 333-36, 544 A.2d 842 (1988) ; Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 494, 38 A.3d 669 (App. Div. 2012). "[W]hen a church uses its property solely for religious purposes that use does not constitute a 'commercial' use." Dupree, 351 N.J. Super. at 243, 798 A.2d 105 (citing Lombardi, 200 N.J. Super. at 648, 491 A.2d 1350 ).
*193 Liability can and will attach, however, if the property owned by a religious organization is used for commercial purposes, regardless of the property's non-profit status. Id. at 245-46, 798 A.2d 105. "In that event, the organization is under a duty to maintain the entire sidewalk abutting its property and is liable for *39 injuries to the public caused by unrepaired defects." Id. at 246, 798 A.2d 105.
Courts have considered whether a nonprofit religious organization's use of its property is properly deemed commercial for purposes of determining sidewalk liability in various contexts. See, e.g., Brown, 111 N.J. at 338, 544 A.2d 842 (holding that operation of a private school that charged tuition on church property was a commercial use for determining sidewalk liability); Lombardi, 200 N.J. Super. at 648, 491 A.2d 1350 (holding that a church's use of its property "exclusively for religious purposes" does not constitute a commercial use for determining sidewalk liability); Restivo v. Church of St. Joseph of the Palisades, 306 N.J. Super. 456, 468, 703 A.2d 997 (App. Div. 1997) (finding a church's leasing of its property constituted a commercial use); Christmas v. City of Newark, 216 N.J. Super. 393, 402, 523 A.2d 1094 (App. Div. 1987) (finding church's leasing of its property to a doughnut shop rendered it commercial property for determining sidewalk liability).
Here, there is nothing in the motion record indicating that at any time prior to the September 9, 2013 accident, defendants used their property for any purpose other than the religious activities of their parish. Therefore, defendants, as owners of a noncommercial property, are not subject to liability as commercial property owners. Dupree, 351 N.J. Super. at 246, 798 A.2d 105.
Our decision in Gray does not require a different result here. We continue to hew to our earlier decisions that vacant property that had not been put to commercial use is not subject to sidewalk liability. See Abraham v. Gupta, 281 N.J. Super. 81, 85-86, 656 A.2d 850 (App. Div. 1995) (holding that a plaintiff could not recover for injuries resulting from the condition of a public sidewalk abutting a vacant lot that had not been put to any commercial use); see also Briglia v. Mondrian Mortg. Corp., 304 N.J. Super. 77, 82, 698 A.2d 28 (App. Div. 1997) (stating that "[c]hanging the use of property from residential to commercial ... result[s] in the imposition of liability [but] that changing the *40 activity on a property from a residential use to no use at all [does not] result[ ] in the imposition of liability" (citation omitted) ). Applying these guiding principles here, we hold that changing noncommercial property, such as a church used only for religious purposes, to "no use at all" also does not result "in the imposition of liability." See Briglia, 304 N.J. Super. at 82, 698 A.2d 28 (citing Stewart, 87 N.J. at 157, 432 A.2d 881 ).
Plaintiff's reliance on Gray is therefore inapposite. In Gray, the plaintiff was injured as a result of slipping and falling on ice that was on the sidewalk in front of defendant's vacant, boarded-up building. 425 N.J. Super. at 498, 42 A.3d 192. In determining that the property was subject to sidewalk liability, despite being put to no use at all, we relied upon the structure of the property being a "commercial building [that] had the capacity to generate income and, had, in fact, generated income in the recent past." Id. at 501, 42 A.3d 192.
Here, defendants' church is not a commercial building. There is nothing in the record to indicate that it was ever operated for commercial purposes, and it was not open to the general public in any capacity once it stopped functioning as a church in 2011. Contrary to plaintiff's argument, the mere fact that defendants maintained liability *194 insurance like the commercial property owner in Gray does not convert the church to a commercial property.
Similarly, plaintiff's argument that liability should still be imposed because defendants' facility could have been put to use to generate income is misguided. If we were to accept it, any noncommercial or residential property would be subject to sidewalk liability immediately upon it being vacated or abandoned because it had the potential to be converted to a commercial use. That result would go far beyond what Stewart contemplated when it carved out the exception to the rule against a landowner's liability and imposed it only on owners of commercial properties.
We turn next to plaintiff's argument that it was error for the motion judge to consider defendants' motion for summary *41 judgment before discovery was complete. We decline to address that argument because plaintiff never raised it to the motion judge. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 483, 38 A.3d 570 (2012).
We only observe that plaintiff's motion in the trial court to characterize defendants as commercial landowners amounted to a motion for partial summary judgment, and by initiating the motion, plaintiff, in essence, took the position that there were no issues of fact that required further discovery. "[A] remand for further discovery is not required" where the party requesting further discovery "was the first party to file a motion for summary judgment." Liberty Surplus Ins. Corp. v. Nowell Amoroso, PA, 189 N.J. 436, 451, 916 A.2d 440 (2007).
In any event, plaintiff did not identify the specific discovery he sought and how it could change the outcome of the motion. A party "resisting" summary judgment must "demonstrate with some specificity the discovery sought, and its materiality." In re Ocean Cty. Comm'r of Registration for a Recheck of the Voting Machs., 379 N.J. Super. 461, 479, 879 A.2d 1174 (App. Div. 2005) (citing Auster v. Kinoian, 153 N.J. Super. 52, 56, 378 A.2d 1171 (App. Div. 1977) ); see, e.g., Mohamed, 424 N.J. Super. at 499-500, 38 A.3d 669 (finding the trial court's grant of summary judgment for the defendant church was premature where plaintiff was seeking to depose a specific individual and had requested certain financial records). A party is "not entitled to turn the discovery process into a fishing expedition." State v. Broom-Smith, 406 N.J. Super. 228, 239, 967 A.2d 359 (App. Div. 2009), aff'd, 201 N.J. 229, 989 A.2d 840 (2010).
Affirmed.

The discovery end date was November 14, 2016.

Defendants conceded that they were not entitled to charitable immunity.