**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2034-17T4

WENDY CHERRY-HERNANDEZ,

     Plaintiff-Appellant,

and

RAFAEL HERNANDEZ,

     Plaintiff,

v.

JOAO C. RIBEIRO and NIVIA
D. CHAVES,

     Defendants,

and

MARIA A. RIBEIRO,

     Defendant-Respondent.

_____

Argued November 15, 2018 – Decided December 4, 2018

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4646-16.

David L. Wikstrom argued the cause for appellant (Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, attorneys; Gregg A. Wisotsky and Timothy J. Foley, on the briefs).

John M. Aufiero argued the cause for respondent (Gregory P. Helfrich & Associates, attorneys; John M. Aufiero, on the brief).

PER CURIAM

Plaintiff Wendy Cherry-Hernandez appeals from an order granting defendant Maria Ribeiro summary judgment dismissing the complaint in this slip-and-fall personal injury matter. Because we are convinced there are genuine issues of material fact precluding a determination that defendant is immune from liability as a matter of law under the principles in Luchejko v. City of Hoboken, 207 N.J. 191, 210 (2011), we reverse and remand for further proceedings.

Plaintiff's complaint alleged she suffered personal injuries and other damages when she "sustained a fall on the driveway and/or sidewalk" of defendant's property in Kearny. She alleged defendant's negligent creation, maintenance and failure to correct hazardous conditions on "the driveway and/or sidewalk" caused her to fall and resulted in her injuries. Following a period of discovery, defendant moved for summary judgment, contending she was entitled to immunity from plaintiff's claim because plaintiff fell on a part of the driveway that constituted a sidewalk abutting defendant's residential property.

We discern the following undisputed facts from the record before the motion court and view the facts and all reasonable inferences therefrom in the light most favorable to plaintiff, the non-moving party. Bauer v. Nesbitt, 198 N.J. 601, 605 n.1 (2009); R. 4:46-2(c). Defendant owns a residence in Kearny. During the evening of October 30, 2015, plaintiff fell and injured her right foot and ankle while walking on broken tar on the driveway of defendant's residence. The asphalt driveway ran perpendicular to the road in front of the residence and interrupted a concrete sidewalk that runs parallel to the road. An individual walking on the concrete sidewalk in front of defendant's residence is required to cross defendant's asphalt driveway in order to continue walking on the sidewalk. Plaintiff fell on defendant's driveway and sustained her injuries.

Prior to plaintiff's fall, defendant last resurfaced the driveway in 2005. No repairs had been made to the driveway since that time. Plaintiff alleged that uneven and cracked tar on the driveway caused her fall.

The court reserved decision after hearing oral argument on defendant's summary judgment motion. In a December 1, 2017 order, the court found "[r]esidential property owners are exempt from liability 'unless they create [or] exacerbate a dangerous sidewalk condition.' Luchejko v. City of Hoboken, 207 N.J. 191, 210 (2011)." The court noted the exemption applies unless the

property owner affirmatively acts to build or repair a sidewalk in a manner that makes it dangerous. The court further determined it was not "negligen[t] per se" for defendant to "have asphalt instead of concrete on the sidewalk" and there was no evidence suggesting defendant negligently maintained or constructed the driveway. The court concluded "[d]efendant is exempt from liability as a residential property owner" and entered an order dismissing the complaint. This appeal followed.

We review a grant of summary judgment under the same standard as the motion court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). We must analyze "the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Ellis v. Hilton United Methodist Church, 455 N.J. Super. 33, 37 (App. Div. 2018) (citation omitted). Summary judgment should be denied unless the moving party's right to judgment is so clear that there is "no room for controversy." Akhtar v. JDN Props. at Florham Park, LLC, 439 N.J. Super. 391, 399 (App. Div. 2015) (quoting Saldana v. DiMedio, 275 N.J. Super. 488, 495 (App. Div. 1994)).

If no genuine issue of material fact exists, we "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig.

4

Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). This court's review is de novo, affording no deference to the motion judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

The motion court's grant of summary judgment is founded on "the basic principle that residential property owners are not liable for" injuries caused by abutting sidewalks. Luchejko, 207 N.J. at 204. In Luchejko, the Supreme Court noted that "[r]esidential homeowners can safely rely on the fact that they will not be liable unless they create or exacerbate a dangerous sidewalk condition." Id. at 210. The Court explained that its imposition of a duty on commercial property owners to maintain abutting sidewalks in Stewart v. 104 Wallace Street, Inc., 87 N.J. 146 (1981), was a departure from the common law rule "that, absent active misconduct, property owners would not be liable for dangerous sidewalk conditions." Luchejko, 207 N.J. at 201-02. The common law rule survives as to residential property owners. Id. at 204.

Although the motion court accurately summarized the well-established principles of sidewalk liability and immunity discussed in Luchejko, it did not make the findings of fact required by Rule 1:7-4(a). Critically missing from the court's statement of reasons is a factual finding that is essential to its

determination that defendant is immune from liability under Luchejko; there is no finding that the place where plaintiff fell is a sidewalk. It is appropriate to reverse a grant of summary judgment where the court fails to make the findings of fact mandated by Rule 1:7-4(a), Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301 (App. Div. 2018), and we do so here. An appellate court's function "is to review the decision of the trial court, not decide the motion [for summary judgment] tabula rasa." Id. at 302.

Further, to the extent we can infer the court determined defendant had immunity based on a factual finding that plaintiff fell on a sidewalk abutting defendant's residential property, the court erred because the record presented genuine issues as to the material facts upon which the court's legal conclusion was dependent. See Globe Motor Co., 225 N.J. at 485-86 (holding summary judgment is inappropriate where there are genuine issues of material fact). The principles discussed in Luchejko apply to sidewalks. 207 N.J. at 201-02. Here, plaintiff presented evidence showing she fell on defendant's asphalt driveway which, giving plaintiff all reasonable inferences, merely abutted a sidewalk. Thus, there is a genuine fact issue as to whether plaintiff actually fell on a sidewalk at all.

Moreover, a residential property owner's immunity for injuries caused by sidewalks abutting his or her property is not absolute. "Residential homeowners" are liable where "they create or exacerbate a dangerous sidewalk condition." Id. at 210; cf. Nash v. Lerner, 157 N.J. 535 (1999) (adopting the appellate panel's dissenting opinion finding a residential homeowner immune from liability for injuries caused on a sidewalk that traversed the homeowner's driveway because the homeowner's affirmative act did not cause the hazardous condition). Plaintiff presented evidence showing defendant resurfaced the driveway and thereafter failed to maintain it, and that its deterioration created the hazardous condition which caused her fall and injuries. Thus, even if it is determined as a matter of fact that the location of plaintiff's fall constituted a sidewalk, there is a further factual issue as to whether defendant created or exacerbated a hazardous condition. See Luchejko, 207 N.J. at 210. These fact issues precluded the court's determination that defendant is entitled to residential sidewalk immunity as a matter of law.

Reversed and remanded for further proceedings in accordance with this decision. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2034-17T4