**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1262-18T4

NIVIA CARDENAS,

    Plaintiff-Appellant,

v.

MARK SEVERINO and
ANTHONY T. SEVERINO,

    Defendants-Respondents.

_____

Argued October 15, 2019 – Decided December 5, 2019

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3835-16.

Barry A. Knopf argued the cause for appellant (Cohn Lifland Perlman Herrmann & Knopf, and Robert B. Linder, attorneys; Barry A. Knopf, of counsel and on the briefs; Audra De Paolo and Robert B. Linder, on the briefs).

Megan K. Foster argued the cause for respondents (Clark & Fox, attorneys; John Michael Clark and Megan K. Foster, of counsel and on the brief).

PER CURIAM

In this sidewalk liability action, plaintiff Nivia Cardenas appeals the Law Division's order granting summary judgment dismissal of her complaint alleging she fell and injured herself due to a defective sidewalk in front of vacant property owned by defendants Mark and Anthony T. Serverino. The motion judge determined that because the property was not being used for commercial purposes, defendants had no duty to maintain the sidewalk in a safe condition. Plaintiff argues the trial court erred in determining the property was not commercial because the property was a non-owner occupied two-family home with a potential to generate income at the time of her alleged injury. Because we agree that the property was not being used for commercial purposes at the time of plaintiff's accident, summary judgment was properly granted.

I

As a summary judgment motion order granted to defendants, our recitation of the facts is derived from the evidence submitted by the parties in support of, and in opposition to, the motion, viewed in the light most favorable to plaintiff, and giving plaintiff the benefit of all favorable inferences. Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)).

A-1262-18T4

Plaintiff was walking to a store when she fell on an uneven sidewalk, suffering broken ribs and injuries to her back and shoulders. The accident took place in front of a home, co-owned by the defendants, which at the time was vacant. Plaintiff subsequently sued defendants claiming her injuries were due to defendant's failure to maintain the sidewalk in a safe condition.

Following discovery, defendants moved for summary judgment. Defendants contended they were not liable to plaintiff because the property was not used for commercial purposes when plaintiff fell, and under well-settled law, owners of residential property cannot be held liable for a defective sidewalk. Plaintiff opposed, arguing the test to determine whether defendants are subject to sidewalk liability is whether their property had the ability or potential to generate income at the time of the accident.

The motion record revealed the following undisputed facts. Defendants are father and son, who lived together across the street from the property. They purchased the property in 2008 following the death of the previous owners, who had resided in the home their whole lives. Their plan was to renovate the property and eventually, the son, Mark, would reside there. Mark stated in his deposition he was "probably" going to live there. The renovations, which were done by defendants along with a sheetrock contractor and family members who

3

specialized in electrical wiring and HVAC, had stretched over the seven years prior to plaintiff's accident and were not completed until about six months thereafter.

Once the renovations were finished, Mark did not move into the property because defendants decided to rent it instead.[1] Mark stated in his deposition, "[w]hen we finished the work[,] that's when I was starting to think, hey, is it better for me to stay where I'm living[,] because we just spent a lot of money for the house[,] or get the tenants in to help pay the mortgage."

When defendants purchased the property, it was insured under a residential dwelling policy for a two-family residence. The policy, however, was cancelled in 2011, after the insurance carrier discovered the property was vacant. At the carrier's insistence, defendants acquired commercial general liability and property insurance for the property, which was in effect at the time of plaintiff's accident.

Judge John D. O'Dwyer granted summary judgment in favor of defendants, entering an order dismissing plaintiff's complaint. In a rider accompanying the order, the judge explained the property was not commercial

---

[1] Defendants' affidavits reflect that Mark did not move in the property because of unspecified "health reasons," but due to identical language used in the two affidavits, it is indiscernible whether Mark or Anthony suffered from ill health.

4

at the time of the accident because it was not being used for business activity in any fashion. Relying on our decision in Ellis v. Hilton United Methodist Church, 455 N.J. Super. 33 (App. Div. 2018), the judge reasoned the dispositive factor in his analysis was not "the capacity of the property to generate income at some indeterminate point in the future, but rather on whether the property ha[d] in the past or at the [time of the alleged injury been] used to generate income."

The judge distinguished plaintiff's claim from our decision in Gray v. Caldwell Wood Prods., Inc., 425 N.J. Super. 496 (App. Div. 2012) because here, defendants were not actively marketing the home for sale or rental, nor made it accessible to potential buyers or tenants. In Gray, we held that sidewalk liability attached to a vacant storefront, which was boarded up and locked with an iron gate because it had the capacity to generate income, was accessible to potential buyers, and was insured, presumably to protect against injuries to invitees. Id. at 501-02. We thus stated, "[the property] had the capacity to generate income and, had, in fact, generated income in the recent past." Id. at 501.

II

Before us, plaintiff contends summary judgment should not have been granted because the property, at the time of the accident, was more akin to a

rental home, and therefore should be considered commercial subject to sidewalk liability for defendants. She explains that even though the property was vacant at the time of her injury, it still could have been rented out, and because there were people making renovations to the property, defendants were liable to them and anyone else traversing the sidewalk adjoining the front of the property. Plaintiff argues since the property was a rental home, it should be considered commercial property. Wilson v. Jacobs, 334 N.J. Super. 640, 646-47 (App. Div. 2000) (declining to find that a non-owner occupied home, leased by the owner's adult daughter, was residential for sidewalk liability purposes); Avallone v. Mortimer, 252 N.J. Super. 434, 438 (App. Div. 1991) (holding that owner-occupied rental homes are commercial for purposes of sidewalk liability if residency by the owner is not the predominant use); Hambright v. Yglesias, 200 N.J. Super. 392, 394-95 (App. Div. 1985) (holding that a non-owner occupied, two-family home, is a commercial property due to the "nature of the ownership"). Plaintiff further argues that sidewalk liability still attaches to vacant commercial properties. Gray, 425 N.J. Super. at 501-02.

Plaintiff finally argues the judge improperly decided issues of fact because he found that "[a]lthough . . . defendants had undertaken renovations, the renovations had not reached a point where the property was commercially

6

viable." Claiming the property was in fact habitable, as the prior owners had lived in it prior to defendants purchase, plaintiff urges the property could have been leased immediately, if not for defendants' decision to undertake renovations to increase the property's rental value.

We review a ruling on a summary judgment motion de novo, applying the same standard governing the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). Thus, we consider, as the motion judge did, "whether 'the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.'" Holmes v. Jersey City Police Dep't, 449 N.J. Super. 600, 602-03 (App. Div. 2017) (citation omitted) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). We review issues of law de novo and accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213

N.J. 463, 478 (2013) (citing Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012)).

Applying this standard of review, we discern no basis to set aside the grant of summary judgment dismissing plaintiff's complaint.  It is well-settled law that residential homeowners are not liable for injuries caused by the condition of sidewalks abutting their property, but are liable "for the negligent construction or repair of the sidewalk by himself or by a specified predecessor in title or for direct use or obstruction of the sidewalk by the owner in such a manner as to render it unsafe for passersby."  Yanhko v. Fane, 70 N.J. 528, 532 (1976), overruled in part by Stewart v. 104 Wallace St., Inc., 87 N.J. 146 (1981); see also Liptak v. Frank, 206 N.J. Super. 336, 337-39 (App. Div. 1985).

We conclude, as did Judge O'Dwyer, defendants are not subject to sidewalk liability because the record established the property was not used for commercial purposes.  As we made clear in Briglia v. Mondrian Mortg. Corp., sidewalk liability turns on the status of the property at the time of the accident in question. 304 N.J. Super. 77, 82 (App. Div. 1997).  The record convinces us that the property was not being used for a commercial purpose and was not intended to be used in that capacity at the time of plaintiff's accident.  There was no indication that either defendant derived any economic benefit from the

property. The mere fact that the property was not owner-occupied does not lead to the conclusion that it was used as a commercial property. There are no facts suggesting defendants attempted to repair the sidewalk or caused it to be defective, therefore, they are "protected by common-law public sidewalk immunity." Lodato v. Evesham Twp., 388 N.J. Super. 501, 507 (App. Div. 2006).

In addition, we find no merit to plaintiff's argument that the property should be considered commercial because it was capable of being rented at the time of her accident. Plaintiff's speculative assertion that the property was habitable and could have been rented when she tripped and fell on the adjoining sidewalk, does not justify classifying it as commercial. The mere fact that someone lived in the property seven years before her accident is not dispositive that the property was fit for rental, thereby making it commercial and subject to sidewalk liability for defendants. Moreover, defendants had not leased the property to tenants or advertised the property for rent prior to the accident.

To the extent we have not specifically addressed arguments raised by plaintiff, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1262-18T4