**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2582-23

IDELISA PEREZ,

    Plaintiff-Appellant,

v.

CALIXTO LEON and
CLAUDINA LEON,

    Defendants-Respondents.

_____

Argued November 18, 2024 – Decided January 7, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0715-21.

Timothy J. Foley argued the cause for appellant (Michael C. Kazer and Foley & Foley, attorneys; Michael C. Kazer and Timothy J. Foley, of counsel and on the briefs).

Mitchell F. Ramirez argued the cause for the respondents (Moreira Sayles Ramirez, LLC, attorneys; Monique D. Moreira and Mitchell F. Ramirez, on the brief).

PER CURIAM

Plaintiff Idelisa Perez appeals from a March 18, 2024 order granting summary judgment in favor of defendants Calixto and Claudina Leon, barring plaintiff's expert Himad Beg's opinion as a net opinion, and dismissing plaintiff's complaint with prejudice. We affirm.

I.

We summarize the facts from the summary judgment record. On February 20, 2019, plaintiff was walking on a public sidewalk adjacent to residential property owned by defendants located at 438 54th Street, West New York, New Jersey. Plaintiff allegedly slipped and fell, sustaining injuries.

Earlier in that day, it had snowed. Plaintiff contended the public sidewalk in front of defendants' property had not been shoveled. She alleged that the combination of snow and ice caused her to fall. Plaintiff also claimed defendants created a dangerous sidewalk condition when they had the sidewalk replaced approximately twenty-five years ago.

Defendants have owned this residential property since 1972. Years prior, some time in between 1987 and 1998, defendants replaced the sidewalk while they were doing construction on their home. However, no paperwork, such as construction permits or contracts, was produced.

2

On February 22, 2021, plaintiff filed a personal injury complaint against defendants. To support her negligence claim, plaintiff submitted an expert engineering report by Mr. Himad Beg, P.E., which concluded that plaintiff fell due to, either individually or in combination of, the following: the abrupt and excessive slope of the sidewalk and the improper removal of ice and snow that covered the slope.

The matter proceeded through discovery and arbitration. On February 15, 2024, defendants filed for summary judgment. After oral argument on March 15, 2024, the motion judge granted summary judgment, dismissing plaintiff's complaint with prejudice. The court also barred the opinion of plaintiff's expert, Mr. Beg, as a net opinion. This appeal followed.

II.

We review the disposition of a summary judgment motion de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022); Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 655 (2022); Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). In our de novo review, we consider "whether the competent evidential materials presented, when viewed in a light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in

A-2582-23

favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). If no genuine issue of material fact exists, the inquiry is then "whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Brill, 142 N.J. at 528-29 (quoting R. 4:46-2).

On appeal, plaintiff asserts two arguments for our consideration: (1) the motion judge abused his discretion by barring plaintiff's expert witness; and (2) the motion judge's order granting summary judgment must be reversed because, based on their affirmative acts, defendants are not entitled to sidewalk immunity and are responsible for the hazardous condition they created.

A. Sidewalk Immunity.

In New Jersey, "absent negligent construction or repair, a [home]-owner does not owe a duty of care to a pedestrian injured as a result of the condition of the sidewalk abutting the [home]owner's property." Ellis v. Hilton United Methodist Church, 455 N.J. Super. 33, 38 (2018) (quoting Dupree v. City of

Clifton, 351 N.J. Super. 237, 241 (App. Div. 2002) (citing Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 153 (1981), aff'd o.b., 175 N.J. 449 (2003))). "[A]t common law, property owners had no duty to clear the snow and ice from public sidewalks abutting their land." Luchejko v. City of Hoboken, 207 N.J. 191, 201 (2011) (citing Davis v. Pecorino, 69 N.J. 1, 4 (1975)). "That rule . . . survives today for residential property owners . . . . " Ibid.

However, the rule was modified in 1981 for commercial property owners, making them "liable for injuries on the sidewalks abutting their property that are caused by their negligent failure to maintain the sidewalks in a reasonably good condition." Id. at 202. In Luchejko, the New Jersey Supreme Court observed that its previous decisions underscored a "fundamental choice not to impose sidewalk liability on homeowners[;]" precedent "consistently reflect[s] that residential property owners stand on different footing than commercial owners who have the ability to spread the cost of the risk through the current activities of the owner." Id. at 208; 206.

Residential property owners, however, may be liable where their actions create an artificial, dangerous condition on an abutting sidewalk. Stewart, 87 N.J. at 152. In other words, homeowners have no duty to maintain the sidewalks abutting their property so long as they have not affirmatively created a

5

hazardous condition. See Deberjeois v. Schneider, 254 N.J. Super. 694, 701 (motion for summary judgment denied where plaintiff was injured by falling on a raised slab that was defective due to a tree planted by the owners of the abutting residential property); see also Stewart, 87 N.J. at 159; Lodato v. Evesham Twp., 388 N.J. Super. 501, 507 (App. Div. 2006) (holding residential landowners remain protected by common-law public sidewalk immunity). The Supreme Court further clarified that neither "breach of a [municipal] ordinance directing private persons to care for public property," nor a property owner's failure to clear the snow and ice from public sidewalks abutting their land can be considered a breach of a duty owed to an injured plaintiff, "unless through [the owner's] negligence a new element of danger or hazard, other than one caused by natural forces, [was] added to the safe use of the sidewalk by a pedestrian." Luchejko, 207 N.J. at 200, 201 (quoting Saco v. Hall, 1 N.J. 377, 381 (1949)).

Here, defendants are entitled to immunity for natural conditions, such as snow and ice, on public sidewalks abutting their property. Accordingly, unless the undisputed facts demonstrate that defendants affirmatively altered the condition of the sidewalk thereby causing a new danger or hazard, defendants remain cloaked with sidewalk immunity.

B. Net Opinion.

A-2582-23

Plaintiff offered the expert opinion of Mr. Beg to meet the burden of demonstrating that defendants created a new danger when they repaired the sidewalk many years ago. The motion judge, however, rejected the expert's opinion as a net opinion. Based upon the undisputed facts and applicable law, we discern no error in the judge's findings.

"N.J.R.E. 703 addresses the foundation for expert testimony." Townsend v. Pierre, 221 N.J. 36, 53 (2015). Specifically, it must be grounded in "facts or data derived from (1) the expert's personal observations, or (2) evidence admitted at the trial, or (3) data relied upon by the expert which is not necessarily admissible in evidence[,] but which is the type of data normally relied upon by experts in forming opinions on the same subject." State v. Townsend, 186 N.J. 473, 494 (2006) (quoting Richard Biunno, N.J. Rules of Evidence 896 (2005)).

"The corollary of that rule is the net opinion rule, which forbids the admission into evidence of an expert's conclusions that are not supported by factual evidence or other data." Ibid. An expert must "'give the why and wherefore' that supports the opinion, 'rather than a mere conclusion.'" Borough of Saddle River v. 66 E. Allendale, LLC, 216 N.J. 115, 144 (2013) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 372-74 (2011) ("There is no suggestion that there are handbooks, manuals, treatises, articles or

trade publications that would support the opinions about [the matter at hand].")).

An expert's conclusion will be "excluded if it is based merely on unfounded speculation and unqualified possibilities." Vuocolo v. Diamond Shamrock Chems. Co., 240 N.J. Super. 289, 300 (App. Div. 1990). There must be some "authority supporting [the] opinion," which can take the form of "any document, any written or unwritten custom, or established practice that the [industry] recognized as a duty it owes . . . . " Satec, Inc. v. Hanover Ins. Grp., Inc. 450 N.J. Super. 319, 333 (App. Div. 2017).

To establish a homeowner's duty of care by attempting to prove that the homeowner created a "new danger" through deficient construction or repair, a net opinion is insufficient to satisfy a plaintiff's burden on a motion for summary judgment. Polzo v. Cnty. of Essex, 196 N.J. 569, 583-84 (2008); Smith v. Est. of Kelly, 343 N.J. Super. 480, 497-98 (App. Div. 2001).

Applying these legal principles to the facts of this case, we are satisfied that the motion judge correctly determined that plaintiff's expert's opinion was a net opinion because the expert could only speculate on what defendants did or failed to do in repairing and replacing the sidewalk because he had no records or facts upon which to support his conclusion. Plaintiff's expert applied the guiding principles in the 1995 NJDOT Roadway Design Manual to the repouring

of the residential sidewalk, and as the motion judge highlighted, this design manual applies to "new construction" only and not "old construction" as in this case. Moreover, without any data as to what occurred approximately twenty-five years ago when the sidewalk was redone, as the motion judge correctly pointed out, the expert had no way of knowing whether a violation of the design manual occurred. In that regard, plaintiff presented no evidence as to the condition of the sidewalk before defendants repaired it twenty-five years ago. So, we do not know, and a factfinder would have to speculate, as to whether the old sidewalk had the same pitch as the existing sidewalk. Additionally, assuming the design manual was applicable to the sidewalk's reconstruction, there was no basis to conclude that the guiding principles within the manual were the acceptable industry standards for sidewalk construction at that time.

C. Summary Judgment.

Plaintiff contends the motion judge erred in granting summary judgment because defendants were not entitled to sidewalk immunity due to their creation of a hazardous condition when they rebuilt the sidewalk and because they caused or allowed an icy, snowy condition to exist on the sidewalk, which presented a hazardous condition for pedestrians. Plaintiff argues defendants had a duty to

9

clear the sidewalk of snow and ice, relying on the town ordinance to establish this duty. We disagree.

The motion judge correctly found that the undisputed facts did not establish that defendants created a hazardous condition on the public sidewalk abutting their property; nor were defendants liable based on their alleged failure to clear the snow and ice from those same sidewalks. See Luchejko, 207 N.J. at 210. "Residential homeowners can safely rely on the fact that they will not be liable unless they create or exacerbate a dangerous sidewalk condition . . . . " Ibid.

Lastly, plaintiff attempts to overcome sidewalk immunity by relying on the existence of a municipal ordinance. However, our caselaw is clear; a municipal ordinance does not overcome residential immunity and does not create a duty of care as a matter of law. Id. at 200.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2582-23